COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-112-CR
 
BRIDGETTE RUIZ                                                                   APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        On May 22, 2002, Haltom City Police Officer Timothy Clonce was on 
routine patrol when he saw Appellant Bridgette Ruiz’s vehicle drifting on a 
straight road and cross the lane divider. Clonce stopped Appellant and 
ultimately arrested her for driving while intoxicated (DWI). Appellant filed a 
motion to suppress evidence seized as a result of the stop and arrest, asserting 
that Clonce did not have the requisite reasonable suspicion to stop and detain 
Appellant.
        At the hearing, Clonce testified that Appellant’s car drifted from one lane 
to another and then back again, two or possibly three times. Although Clonce 
acknowledged that drifting across lanes is not a traffic violation, he also 
testified that failure to maintain a single lane of traffic without signaling is a 
violation of the Texas Traffic Code. Tex. Transp. Code Ann. §§ 545.060, 
545.104(a), 545.106 (Vernon 1999). The trial court denied Appellant’s motion 
to suppress. 
        Approximately two months later, Appellant pled guilty under a plea 
bargain agreement. The trial court accepted Appellant’s guilty plea and 
sentenced her to ninety days’ confinement probated for twenty-four months 
and a $400 fine. In her sole point, Appellant complains that the trial court 
abused its discretion in failing to grant her motion to suppress. 
        We review the denial of a motion to suppress for abuse of discretion, 
giving almost total deference to a trial court's determination of historical facts 
and reviewing de novo the court's application of the law. Carmouche v. State, 
10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Oles v. State, 993 S.W.2d 103, 
106 (Tex. Crim. App. 1999). At a suppression hearing, the trial judge is the 
sole trier of fact and judge of the credibility of the witnesses and the weight to 
be given their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 
2000); Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Thus, 
the trial court may disbelieve any portion of a witness' testimony, even if the 
testimony is uncontroverted. Ross, 32 S.W.3d at 855; Allridge v. State, 850 
S.W.2d 471, 492 (Tex. Crim. App. 1991), cert. denied, 510 U.S. 831 (1993). 
        A police officer can stop and briefly detain a person for investigative 
purposes if the officer has a reasonable suspicion supported by articulable facts 
that criminal activity “may be afoot,” even if the officer lacks probable cause. 
Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85 (1968); Brother v.
State, 85 S.W.3d 377, 382 (Tex. App.—Fort Worth 2002, no pet.). While
reasonable suspicion is a less demanding standard than probable cause, the
Fourth Amendment requires at least a minimal level of objective justification for
making the stop. United States v. Sokolow, 490 U.S. 1, 7, 109 S. Ct. 1581,
1585 (1989); see U.S. Const. amend. IV. The justification for making the stop
must amount to more than a mere hunch or suspicion. Davis v. State, 947
S.W.2d 240, 244 (Tex. Crim. App. 1997). 
        Reasonable suspicion exists if the officer has specific articulable facts 
that, when combined with rational inferences from those facts, would lead him 
to reasonably suspect that a particular person has engaged in, or is or soon will 
be engaging in, illegal conduct. Garcia v. State, 43 S.W.3d 527, 530 (Tex. 
Crim. App. 2001). The reasonableness of a given detention will turn on the 
totality of the circumstances in that particular case. Woods v. State, 956 
S.W.2d 33, 38 (Tex. Crim. App. 1997); State v. Sailo, 910 S.W.2d 184, 188 
(Tex. App.—Fort Worth 1995, pet. ref'd). 
        Appellant argues that the initial stop was not justified because the 
evidence failed to show that Clonce had a reasonable suspicion to stop 
Appellant. Specifically, Appellant relies on Clonce’s testimony that it is not 
illegal to drift from one lane to another to support her argument that “the 
evidence in this case fails to raise Appellant’s innocent activity to a level 
necessary to support an investigatory stop.” The court’s review, however, is 
not limited to the violations an officer lists in making the stop. See James v. 
State, 102 S.W.3d 162, 172 (Tex. App.—Fort Worth 2003, pet. ref’d). Rather, 
the test is whether the articulated facts about which the officer testified would, 
in light of the officer’s experience and personal knowledge, together with 
inferences from those facts, warrant a reasonable person to believe that a 
violation had occurred. Pipkin v. State, 114 S.W.3d 649, 653-54 (Tex. 
App.—Fort Worth 2003, no pet.). 
        Here, Clonce testified that at least two, and possibly three times, he saw 
Appellant’s car drift and weave out of one lane of traffic and into a different 
lane without signaling at 2:49 a.m. Clonce stated that his reason for stopping 
Appellant was to investigate his suspicion that Appellant was driving while 
intoxicated. An officer may be justified in stopping a driver based upon a 
reasonable suspicion of driving while intoxicated. James, 102 S.W.3d at 172; 
McQuarters v. State, 58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. 
ref’d) (stop justified based on reasonable suspicion that defendant, who crossed 
the left lane stripe twice, was intoxicated); Gajewski v. State, 944 S.W.2d 
450, 453 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Erratic or unsafe 
driving may furnish a reasonable suspicion that the driver is intoxicated even 
absent evidence regarding the violation of a specific traffic law. Cook v. State, 
63 S.W.3d 924, 929 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d); 
McQuarters, 58 S.W.3d at 255; Fox v. State, 900 S.W.2d 345, 347 (Tex. 
App.—Fort Worth 1995, no pet.) (driver's conduct sufficient to justify stop 
based upon reasonable suspicion that something out of the ordinary was 
occurring even though no single act was illegal). 
        Applying great deference to the trial court’s determination of historical 
facts and judgment of Clonce’s credibility, we hold that the evidence warranted 
the trial court's denial of Appellant’s motion to suppress. We overrule 
Appellant’s sole point and affirm the judgment of the trial court. 
 
                                                                  DIXON W. HOLMAN 
                                                                  JUSTICE

PANEL B:   DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, 
Sitting by Assignment). 
 
DO NOT PUBLISH 
Tex. R. App. P. 47.2(b)
 
DELIVERED: January 8, 2004