**Calvin Ray PERKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–95–165–CR.**

Court of Appeals of Texas, Waco.

April 19, 2000.

John T. Tatum, Richardson, for appellant.

John C. Vance, Crim. Dist., John R. Rolater, Jr., Asst. Dist., Dallas, for appellee.

Before Justice VANCE, Justice GRAY and Chief Justice McDONALD.

FRANK G. McDONALD, Chief Justice (Retired).

Appellant appeals from his conviction for driving while intoxicated, third offense, for which he was sentenced to five years in the Texas Department of Criminal Justice, Institutional Division, probated, and a $500.00 fine.

Appellant appeals on two points of error:

Point 1: "The evidence is legally insufficient to support the conviction for DWI."

Point 2: "The evidence is factually insufficient to support the conviction for DWI."

This court issued an opinion filed February 26, 1997, overruled Appellant's Point 1; sustained Appellant's Point 2; reversed the judgment; and remanded the cause for a new trial.

The Court of Criminal Appeals granted a petition for discretionary review, vacated the judgment of this court, and remanded the case to this court to "re-evaluate appellants point of error [2] in the light of *Cain*."

*Cain v. State*, 958 S.W.2d 404, 407–08 (Tex. Crim.App.1997) states:

We delineated the proper standard of review for the courts of appeals to apply in reviewing factual sufficiency grounds in *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim.App.1996). In reviewing factual sufficiency of the elements of the offense, the court of appeals "views all the evidence without the prism of 'in the light most favorable to the prosecution' and sets aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis* at 129. In *Clewis* this court discussed three major principles to guide courts of appeals when conducting a factual sufficiency review.

*First,* is the principle of deference to jury findings.... In *Clewis,* we explained that appellate courts should only exercise their fact jurisdiction to prevent a manifestly unjust result; those courts are not free to re-weigh the evidence and set aside a jury verdict merely because the judges feel that a different result is more reasonable. *Clewis* at 135.... A court of appeals may not reverse a jury's decision simply because it disagrees with the result; the appellate court must defer to jury findings and may find the evidence factually insufficient only where necessary to prevent manifest injustice.

*Second,* courts of appeals must support a finding of factual insufficiency by providing a detailed explanation of that finding so that this court can ensure that the appellate court accorded the proper deference to the jury finding. *Clewis* at 135.... We explained that where a court of appeals reverses a lower court decision on factual sufficiency grounds, it should detail the evidence relevant to the issue in consideration and clearly state why the jury's finding is factually insufficient ... as to be manifestly unjust; why it shocks the conscience; or clearly demonstrates bias. Further those courts, in their opinions, should state in what regard the contrary evidence outweighs the evidence in support of the verdict. *Clewis* at 135.

*Third,* the standard of review for factual insufficiency states that courts of appeals must review all the evidence. This differs from a legal sufficiency review where the court of appeals considers only the evidence that supports the verdict. The court of appeals must consider the evidence as a whole, not viewing it in the light most favorable to either party.

■　*Clewis* further states: In consideration of a factual sufficiency review, an appellate court reviews the *factfinder's weighing of the evidence and is authorized to disagree with the factfinder's determination.* This review, however, must be appropriately deferential so as to avoid an appellate court substituting its judgment for that of the jury. *Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Crim.App.1996).

■　The court of appeals avoids substituting its judgment for that of the factfinder by remanding the cause for a new trial. *Id.* at 133–134.

About 11:00 p.m. on April 2, 1994, Dallas Firefighter Farrell investigated a parked car in the middle of the road on Military Parkway. Farrell testified that appellant was slumped over the steering wheel and passed out; that he smelled of alcohol; noticed beer cans in the back seat; and that he summoned the police.

Officer Johnson arrived at the scene about 11:15 p.m. Johnson testified he believed Appellant to be intoxicated; had alcohol on his breath; had slurred speech and an unsteady stance. Johnson arrested Appellant and transported him to the Lew Sterrett Justice Center where Appellant refused to submit to blood and breath tests, but was videotaped within forty minutes after his arrest. The video tape is in evidence.

Appellant denied that he was intoxicated; he testified he had spent the day at a recreation center producing a talent show for children; that he left the center at 9:00 p.m. with a friend, Emil Thompson, and went to a car wash where he washed his car and drank one beer; that he left the car wash to go to a friend's house and had stopped his car to look at his Mapsco and was leaning forward when Farrell opened his car door and asked him if he had been drinking. He further testified that Officer Johnson arrived and asked him if he had been drinking and if he had any warrants; that he replied he had one beer and did have a probation violation warrant for DWI.

Emil Thompson testified he was with Appellant until 9:45 p.m.; that Appellant drank one can of beer at the car wash; that Appellant was not intoxicated; that Appellant took some medication during the evening; that he noticed Appellant's nose was running but he was not "woozy." Additional evidence will be recited in our discussion of Appellant's points.

Trial was before the judge without a jury. The judge found Appellant guilty and sentenced him to five years in prison, probated, and a $500 fine.

Point 2: "The evidence is factually insufficient to support the conviction for driving while intoxicated."

■ For conducting a review of the factual sufficiency of the evidence, we recognize that the State bears the burden of proof beyond a reasonable doubt and apply the "complete and correct" standard of review set out by the Court of Criminal Appeals in *Johnson v. State*, 23 S.W.3d 1 (Tex.Crim.App.2000). This court "asks whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the [the fact finder's] determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Id.* at *8, at 11; *see also Clewis v. State*, 922 S.W.2d 126 (Tex.Crim. App.1996); *Stone v. State*, 823 S.W.2d 375 (Tex.App.—Austin 1992); *Cain v. State*, 958 S.W.2d 404 (Tex.Crim.App.1997). Under the *Johnson, Clewis, Stone* and *Cain* standard, we consider the evidence of defense witnesses and the existence of alternative hypotheses.

■ Farrell testified appellant "seemed to be intoxicated."

Q. But you do not know for sure?

A. No sir.

Q. It's just an assumption on your part?

A. Yes sir.

Farrell further testified, "I remember seeing beer cans, I believe in the back seat," and that "there were no open containers in the front compartment of the car."

Officer Johnson testified that he noticed the strong smell of alcohol on [Appellant's] breath; he had a very unsteady stance; he did not believe [Appellant] had the normal use of his physical faculties; his speech was slurred and he seemed disoriented. He [Johnson] thought the cause was alcohol; and that Appellant refused both the

breath and blood tests. Johnson did not see any beer cans in Appellant's car.

■ Appellant admitted he had one beer, thus accounting for the smell of alcohol. This was substantiated by witness Thompson. There is no evidence Appellant drank more than one beer. While Farrell believed he saw beer cans in the back of Appellant's car, Officer Johnson saw no beer cans. Appellant testified that no beer cans were present in his automobile. None were introduced in evidence even though the vehicle was impounded by the police; hence, under police control where it could have been searched and an inventory of its contents photographed. Consumption of alcohol alone does not mandate a conclusion of intoxication.

Officer Johnson noticed slurred speech, disorientation and an unsteady stance. Appellant testified he had worked since early in the morning putting together a show for children at a recreation center and he was weary. It was late at night. Appellant was distressed, believing his warrant had caught up with him. He testified he was suffering from sinus difficulties and had taken Nyquil for that problem earlier in the evening. Officer Johnson testified Appellant could not pass some simple "field sobriety" tests, *i.e.*, that he recited the alphabet but ended in "TUZ" and stated he could not count backward from 38 to 22. This testimony was disputed by Appellant.

Finally, this court has viewed State's Exhibit 1, the video tape taken of Appellant less than forty minutes after his arrest. The video tape fails to demonstrate that Appellant was intoxicated and fails to demonstrate that Appellant was mentally or physically impaired. On the video tape Appellant was cooperative with the officers, spoke clearly, and was able to follow directions. He did not stumble, fall down or appear in any way disoriented. He

recited the alphabet without error. He counted backwards from 38 to 22 with only one error. The video tape demonstrated that Appellant was not intoxicated. From all the evidence, we hold that a finding of intoxication is so against the great weight and preponderance as to be unjust and manifestly wrong. And given that the State's burden of proof at trial "was beyond a reasonable doubt," our review of the evidence, both for and against the finding, convinces us that the verdict is clearly wrong and unjust.

Point two is sustained.

The judgment is reversed and the cause remanded for a new trial.

Justice GRAY, dissents.

TOM GRAY, Justice, dissenting.

Because I do not believe the majority opinion has analyzed the facts of the case in light of *Cain v. State* as instructed by the Court of Criminal Appeals, I respectfully dissent. *Perkins v. State*, 993 S.W.2d 116 (Tex.Crim.App.1999). The majority correctly sets out the language of *Cain* reiterating the standard of review for factual sufficiency challenges to the evidence; however, I feel it fails to follow the teachings of *Cain*. The review is not sufficiently deferential to a review of all the evidence or to the fact finder's determination of witness credibility, it virtually ignores the evidence which strongly supports the finding of guilt, and considers only the evidence that could be interpreted as favoring Perkins's defense. *See Cain v. State*, 958 S.W.2d 404, 408 (Tex.Crim.App.1997).

The fundamental difference between my review of the record and that conducted by the majority seems to flow from the majority's apparent resurrection of the "alternative reasonable hypothesis" construct. The majority focuses on the defense's theory and the State's failure to disprove it.

The State's burden to disprove alternative hypotheses was eliminated in *Geesa*. *Geesa v. State*, 820 S.W.2d 154, 161 (Tex.Crim. App.1991). Granted, the elimination of this construct pertained only to legal sufficiency reviews because factual sufficiency reviews were not conducted at that point in time. *See Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996). The recent addition and clarifications for a factual sufficiency review were surely not a resurrection of this requirement. *See id; Cain v. State*, 958 S.W.2d 404 (Tex.Crim.App. 1997); *Johnson v. State*, 23 S.W.3d 1 (Tex. Crim.App.2000). Without express direction from the Court of Criminal Appeals, I will not resurrect the old construct and burden on the State to disprove alternative hypotheses. *See Emanuel v. State*, No. 10–98–00140–CR, slip op. at 2, n. 1 (Tex.App.—Waco March 29, 2000, no pet. h.). The defendant's evidence of an alternative reasonable hypothesis will be considered as part of the evidence weighed when conducting a factual sufficiency review. *Wilson v. State*, 7 S.W.3d 136, 141 (Tex.Crim.App.1999). However, an alternative reasonable hypothesis is not dispositive if it is not directly disproved by the State. *See Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991).

Justice Cummings, now retired, dissented from this Court's original opinion. I see no reason to recreate the work he has already performed, and I adopt the factual recitations and conclusions of his dissenting opinion as my own. For the convenience of the reader, I have set out the full text of his dissent below:

I dissent because I cannot say that the trial court's finding of intoxication is so against the great weight and preponderance of the evidence as to be unjust and manifestly wrong. In conducting a factual-sufficiency review of the evidence, due deference must be given the [fact finder's] assessment of the witnesses' credibility and [its] resolution of any conflicts in the evidence. *Jones v. State*, 944 S.W.2d 642, 648 (Tex.Crim. App. 1996); *Desselles v. State*, 934 S.W.2d 874, 878 (Tex.App.—Waco 1996, no pet.). In conducting a factual-sufficiency review we are not allowed to sit as the "thirteenth juror" in the case. *Desselles*, at 878. *Geesa v. State*, 820 S.W.2d 154, 159 (Tex.Crim.App.1991).

In addition to the factual review in the majority opinion, there are several other important facts, the most alarming of which was the location where Mr. Perkins was found slumped over in his car. Apparently a passer-by notified some authority in Dallas that "someone was unconscious in the middle of the road." Dallas Firefighter Farrel testified that he was dispatched from downtown and that he and several other firemen went to the 8000 block of Military Parkway with their emergency lights and siren on. Upon arrival, he found a car straddling the middle of two eastbound traffic lanes of Military Parkway with Mr. Perkins slumped over in the front seat with his foot on the brake and the car running. The emergency lights and siren did not awaken Perkins. Farrel noted that Perkins was breathing and had a pulse, so he put the car in park and took the keys from the ignition to prevent Perkins from leaving the scene should he awaken before the police arrived.

Mr. Perkins testified that he had been parked where Farrel found him "probably five minutes" and that ". . . there was a lot of traffic out." Surely the trial court could have inferred from the evidence that Mr. Perkins had created an inherently dangerous traffic situation.

Additionally, as judge of the credibility of the witnesses, the trial judge could have taken into consideration the testi-

mony of Mr. Perkins when he admitted on cross-examination that he had previously been convicted of DWI on an occasion where he had fallen asleep at the wheel of his car at a red light intersection in South Dallas. Further, at the time of this incident, Mr. Perkins was on probation and had been ordered not to drink alcoholic beverages. By his own admission to have drank one beer, he was in violation of that court order.

Finally, I disagree with the majority's opinion concerning the video tape. As I reviewed the tape, Mr. Perkins responses to the officers requests were slow and deliberate, almost as though he had trained himself to respond slow and carefully. Even at that, he did seem confused at times and occasionally swayed on his feet. He was not falling down drunk, but the trial court witnessed his actions in the courtroom when he testified. The trial court could have believed the prosecutor in his closing argument where he argued that there was a difference in Perkins' speech in the courtroom compared to his slurred speech in the video.

The fireman and arresting police officer both testified that Mr. Perkins was intoxicated on this occasion. This occasion was the second time Mr. Perkins had passed out on the street in his car. Going to sleep or passing out is further evidence of complete loss of mental and physical faculties. The only difference from the first time he was apprehended passed out behind the wheel of his car was that he was not taking medication. Here, he states that in addition to the one beer he admitted to drinking, he says he had taken Nyquil for his sinus problem. Both times he was drinking and both times he went to sleep on a public street. I believe the evidence is overwhelming in support of the trial court's finding of guilt and that the case should be affirmed.

*Perkins v. State*, 940 S.W.2d 365, 367 (Tex. App.—Waco 1997) (Cummings, J., dissenting) (rev'd, 993 S.W.2d 116 (Tex.Crim.App. 1999)).

I believe that upon a review of all the evidence, without viewing it in the light most favorable to either party, a rational fact finder could easily have found, beyond a reasonable doubt, that Perkins was intoxicated. Accordingly, I do not believe that the finding of intoxication is contrary to the evidence, much less so contrary to the overwhelming weight of the evidence as to make it clearly wrong and unjust. I would affirm the trial court's judgment.