Calvin Ray Perkins v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-165-CR

Â Â Â Â Â CALVIN RAY PERKINS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 203rd District Court
Dallas County, Texas
Trial Court # F94-52962-P
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
DISSENTING OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â 
Â Â Â Â Â Â Because I do not believe the majority opinion has analyzed the facts of the case in light of
Cain v. State as instructed by the Court of Criminal Appeals, I respectfully dissent. Perkins v.
State, 993 S.W.2d 116 (Tex. Crim. App. 1999). The majority correctly sets out the language
of Cain reiterating the standard of review for factual sufficiency challenges to the evidence;
however, I feel it fails to follow the teachings of Cain. The review is not sufficiently
deferential to a review of all the evidence or to the fact finderâs determination of witness
credibility, it virtually ignores the evidence which strongly supports the finding of guilt, and
considers only the evidence that could be interpreted as favoring Perkinsâs defense. See Cain
v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997).
Â Â Â Â Â Â The fundamental difference between my review of the record and that conducted by the
majority seems to flow from the majorityâs apparent resurrection of the âalternative reasonable
hypothesisâ construct. The majority focuses on the defenseâs theory and the Stateâs failure to
disprove it. The Stateâs burden to disprove alternative hypotheses was eliminated in Geesa. 
Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991). Granted, the elimination of
this construct pertained only to legal sufficiency reviews because factual sufficiency reviews
were not conducted at that point in time. See Clewis v. State, 922 S.W.2d 126 (Tex. Crim.
App. 1996). The recent addition and clarifications for a factual sufficiency review were surely
not a resurrection of this requirement. See id; Cain v. State, 958 S.W.2d 404 (Tex. Crim.
App. 1997); Johnson v. State, No. 1915-98, 2000 WL 140257 (Tex. Crim. App. February 9,
2000). Without express direction from the Court of Criminal Appeals, I will not resurrect the
old construct and burden on the State to disprove alternative hypotheses. See Emanuel v.
State, No. 10-98-00140-CR, slip op. at 2, n.1 (Tex. App.âWaco March 29, 2000, no pet. h.). 
The defendantâs evidence of an alternative reasonable hypotheses will be considered as part of
the evidence weighed when conducting a factual sufficiency review. Wilson v. State, 7 S.W.3d
136, 141 (Tex. Crim. App. 1999). However, an alternative reasonable hypotheses is not
dispositive if it is not directly disproved by the State. See Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991).
Â Â Â Â Â Â Justice Cummings, now retired, dissented from this Courtâs original opinion. I see no
reason to recreate the work he has already performed, and I adopt the factual recitations and
conclusions of his dissenting opinion as my own. For the convenience of the reader, I have set
out the full text of his dissent below:
I dissent because I cannot say that the trial court's finding of intoxication is so
against the great weight and preponderance of the evidence as to be unjust and
manifestly wrong. In conducting a factual-sufficiency review of the evidence, due
deference must be given the [fact finder's] assessment of the witnesses' credibility and
[its] resolution of any conflicts in the evidence. Jones v. State, No. 72,026, slip op.
at 4, --- S.W.2d ----, ----, 1996 WL 732038 (Tex. Crim. App. December 18, 1996);
Desselles v. State, 934 S.W.2d 874, 878 (Tex. App.âWaco 1996, no pet.). In
conducting a factual-sufficiency review we are not allowed to sit as the "thirteenth
juror" in the case. Desselles, at 878. Geesa v. State, 820 S.W.2d 154, 159 (Tex.
Crim. App.1991).
In addition to the factual review in the majority opinion, there are several other
important facts, the most alarming of which was the location where Mr. Perkins was
found slumped over in his car. Apparently a passer-by notified some authority in
Dallas that "someone was unconscious in the middle of the road." Dallas Firefighter
Farrel testified that he was dispatched from downtown and that he and several other
firemen went to the 8000 block of Military Parkway with their emergency lights and
siren on. Upon arrival, he found a car straddling the middle of two eastbound traffic
lanes of Military Parkway with Mr. Perkins slumped over in the front seat with his
foot on the brake and the car running. The emergency lights and siren did not awaken
Perkins. Farrel noted that Perkins was breathing and had a pulse, so he put the car in
park and took the keys from the ignition to prevent Perkins from leaving the scene
should he awaken before the police arrived.
Mr. Perkins testified that he had been parked where Farrel found him "probably
five minutes" and that "... there was a lot of traffic out." Surely the trial court could
have inferred from the evidence that Mr. Perkins had created an inherently dangerous
traffic situation.
Additionally, as judge of the credibility of the witnesses, the trial judge could
have taken into consideration the testimony of Mr. Perkins when he admitted on
cross-examination that he had previously been convicted of DWI on an occasion
where he had fallen asleep at the wheel of his car at a red light intersection in South
Dallas. Further, at the time of this incident, Mr. Perkins was on probation and had
been ordered not to drink alcoholic beverages. By his own admission to have drank
one beer, he was in violation of that court order.
Finally, I disagree with the majority's opinion concerning the video tape. As I
reviewed the tape, Mr. Perkins responses to the officers requests were slow and
deliberate, almost as though he had trained himself to respond slow and carefully. 
Even at that, he did seem confused at times and occasionally swayed on his feet. He
was not falling down drunk, but the trial court witnessed his actions in the courtroom
when he testified. The trial court could have believed the prosecutor in his closing
argument where he argued that there was a difference in Perkins' speech in the
courtroom compared to his slurred speech in the video.
The fireman and arresting police officer both testified that Mr. Perkins was
intoxicated on this occasion. This occasion was the second time Mr. Perkins had
passed out on the street in his car. Going to sleep or passing out is further evidence
of complete loss of mental and physical faculties. The only difference from the first
time he was apprehended passed out behind the wheel of his car was that he was not
taking medication. Here, he states that in addition to the one beer he admitted to
drinking, he says he had taken Nyquil for his sinus problem. Both times he was
drinking and both times he went to sleep on a public street. I believe the evidence is
overwhelming in support of the trial court's finding of guilt and that the case should
be affirmed.

Perkins v. State, 940 S.W.2d 365, 367 (Tex. App.âWaco 1997) (Cummings, J., dissenting)
(revâd, 993 S.W.2d 116 (Tex. Crim. App. 1999).
Â Â Â Â Â Â I believe that upon a review of all the evidence, without viewing it in the light most
favorable to either party, a rational fact finder could easily have found, beyond a reasonable
doubt, that Perkins was intoxicated. Accordingly, I do not believe that the finding of
intoxication is contrary to the evidence, much less so contrary to the overwhelming weight of
the evidence as to make it clearly wrong and unjust. I would affirm the trial courtâs judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TOM GRAY
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Dissenting opinion delivered and filed April 19, 2000
Publish



S.W.3d 638, 641-42
(Tex. App.Dallas 2004, pet. filed).

Â Â Â Â Â Â Â Â Â  Accordingly, we sever Vernell LeeÂs
appeal from the remainder of the appeal.Â 
See Tex. R. App. P. 8.3(b); Ma-Stell,
2005 Tex.
App. LEXIS 3193, at *2.Â  The Clerk of
this Court shall docket LeeÂs appeal under cause number 10-05-00231-CV, styled
Vernell Lee v. Maudie Wilson, individually and by and through her next friend, Minnie
Carson.Â  The Clerk shall note in the
severed cause that the ClerkÂs and ReporterÂs Records in this cause shall serve
as the ClerkÂs and ReporterÂs Records in the severed cause.Â  See
Ma-Stell, 2005 Tex.
App. LEXIS 3193, at *2-3.

Â Â Â Â Â Â Â Â Â  This appeal is reinstated, and the
Clerk of this Court shall re-style this appeal as Teague Nursing Home; Teague Management Co. dba
Teague Nursing Home; Chelsia Taylor, individually and dba Teague Nursing Home;
Hollis McGee, and Rita McAlpine v. Maudie Wilson, individually and by and through her
next friend, Minnie Carson.Â  See Ma-Stell, 2005 Tex. App. LEXIS 3193, at *3.

Â Â Â Â Â Â Â Â Â  Any time period allowed for action
under the appellate rules that had begun to run and had not expired when this
proceeding was suspended begins anew on the date of this order.Â  See
Tex. R. App. P. 8.2; Ma-Stell, 2005 Tex. App. LEXIS 3193, at *3.

Â Â Â Â Â Â Â Â Â  By letter dated April 8, 2005, the Clerk of this Court
notified Appellants that the order being appealed does not appear to be an
appealable interlocutory order under section 15.003 of the Civil Practice and
Remedies Code.Â  Appellants were advised
that they had twenty-one days to file a response showing grounds for continuing
the appeal.Â  Seven of those twenty-one
days had elapsed when Lee filed her bankruptcy petition.Â  Accordingly, AppellantsÂ response to this
notice will be due fourteen days after the date of this order.

Â Â Â Â Â Â Â Â Â  This Court purported to grant
AppellantsÂ motion for an extension of time to file the appellantsÂ brief on
April 19.Â  However, the appeal was
suspended at that time.Â  Accordingly, the
motion is granted and AppellantsÂ brief is due within 30 days after the date of
this order.

PER CURIAM

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissenting)

Order issued and filed May 25, 2005

[CV06]








Â 











Â Â Â  [1]Â Â Â Â Â Â  The appellants in this cause are Teague
Nursing Home; Teague Management Co. dba Teague Nursing Home; Chelsia Taylor,
individually and dba Teague Nursing Home; Hollis McGee, Rita McAlpine, and
Vernell Lee.