PEAK V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-459-CR

GARY DON PEAK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

OPINION

------------

On December 1, 2001, Texas Department of Public Safety Trooper David Cramer arrested Appellant Gary Don Peak for suspicion of driving while intoxicated (“DWI”).  Appellant refused to take sobriety tests at the scene and refused to submit a breath or blood specimen at the Denton County Sheriff’s Department.

A jury trial was held on October 17, 2002.  Appellant did not file a written pretrial motion to suppress all the evidence after he was stopped by Cramer, but urged an oral motion during the State’s direct examination of its first witness.  Outside the presence of the jury, no additional evidence relating to the motion was introduced, and the court denied the motion after hearing arguments from the parties.  When the State offered into evidence a videotape recorded in the intoxilizer room after the arrest, Appellant objected to any evidence gathered after the arrest on the basis that the arrest was without probable cause.  The court overruled the objection and allowed the videotape into evidence.  At the conclusion of all the evidence presented at trial, Appellant reurged his motion to suppress, which again was denied.  The jury found Appellant guilty of DWI.  The trial court approved an agreement reached by Appellant and the State regarding Appellant’s punishment and sentenced him to 120 days’ confinement, probated, and a $1,000 fine.  Appellant raises six issues on appeal.  We affirm. 

Discussion

In Appellant’s first issue, he contends that the trial court erred in failing to grant his motion to suppress because there was not reasonable suspicion or probable cause to justify the initial traffic stop.  We review a trial court's denial of a motion to suppress for abuse of discretion.  
Balentine v. State
, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); 
Oles v. State
, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  There is an abuse of discretion when the ruling was so clearly wrong as to be outside that zone within which reasonable persons might disagree.  
Cantu v. State
, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), 
cert. denied
, 509 U.S. 926 (1993).  We afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based upon an evaluation of credibility and demeanor.  
State v. Ross
, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).  We afford the same amount of deference to the trial court's rulings on mixed questions of law and fact, if the resolution of those questions turns on an evaluation of credibility and demeanor.  
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We review de novo the trial court's application of law to those facts in the determination of reasonable suspicion and probable cause.  
Id
.  When the trial court does not make explicit findings of historical facts, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supporting its ruling, if those findings are supported by the record.
  Carmouche v. State
, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000). 

A police officer is generally justified in briefly detaining an individual on less than probable cause for the purposes of investigating possible criminal behavior where the officer can point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant the intrusion.  
Terry v. Ohio
, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968); 
Carmouche
, 10 S.W.3d at 328.  That is, the officer must show reasonable suspicion that the individual is connected to criminal activity.  
State v. Larue
, 28 S.W.3d 549, 553 n.8 (Tex. Crim. App. 2000).  This standard is an objective one; there need only be an objective basis for the stop and the subjective intent of the officer conducting the stop is irrelevant.  
Garcia v. State
, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).

Cramer testified that on December 1, 2001 he observed Appellant’s vehicle weaving across the center lane of Interstate 35E at 2:00 a.m. while in the vicinity of four other vehicles and the trooper’s patrol car.  After positioning his patrol car behind Appellant’s vehicle, Cramer observed Appellant’s vehicle cross the yellow lane line on the left shoulder of the road three times.  Cramer activated his emergency lights and observed Appellant use his turn signal and then move into the right lane.  Appellant then exited the interstate without using his turn signal.  James Connally, an off-duty inspector with the Traffic Law Enforcement Division assigned to Motor Vehicle Inspection, was riding in the patrol car with Cramer.  Connally also testified that he observed Appellant’s vehicle weaving and crossing the yellow line.

The evidence referenced above reveals that the totality of the circumstances justified the stop of Appellant.  Cramer testified that he stopped Appellant for failing to maintain a single lane in an unsafe manner.  The State is not required to prove that Appellant violated a traffic law, only that the trooper knew sufficient facts to reasonably suspect that the traffic law was violated.  
Id
.; 
McQuarters v. State
, 58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref’d).  

Section 545.060 of the Texas Transportation Code requires an operator on a roadway divided into two or more clearly marked lanes for traffic to:

(1) drive, as nearly as practical, entirely within a single lane; and

(2) not move from the lane unless that movement can be made safely.  

Tex. Transp. Code Ann.
 § 545.060(a) (Vernon 1999).  

Appellant contends that Cramer had no reasonable basis upon which to stop him because there was no evidence that his weaving outside the lane was unsafe.  However, Cramer testified that there were five other cars in the immediate area on the interstate where Appellant was driving.  He also described Appellant’s driving as erratic and unsafe and stated that he was concerned for other motorists in the area.  In 
Martinez v. State
, the Houston First Court of Appeals addressed section 545.060 in a case similar to the one at hand.  29 S.W.3d 609 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d).  In that case, the officer observed a vehicle drift one time onto the shoulder of a freeway for one or two seconds in moderate to heavy traffic early in the morning.  
Id
. at 610-12.  The court determined that the officer could have reasonably concluded that the single drift in these circumstances was unsafe.  
Id
. at 612.  In the present case, Appellant was observed leaving his lane of traffic three times after Cramer observed him weaving.  Here, the circumstances surrounding the stop of Appellant’s car were sufficient to show a reasonable suspicion that he had violated section 545.060(a) of the transportation code.  We therefore conclude that the trial court did not abuse its discretion by denying Appellant’s motion to suppress. 
 See also Tex. Dep’t of Pub. Safety v. Bell
, 11 S.W.3d 282, 284 (Tex. App.—San Antonio 1999, no pet.); 
Fox v. State
, 900 S.W.2d 345, 347 (Tex. App.—Fort Worth 1995, pet. dism’d, improvidently granted).

In Appellant’s second issue, he asserts that the trial court erred in failing to grant his motion to suppress evidence that was acquired after his arrest because there was not probable cause to justify his arrest.  Probable cause exists when police have, at the moment of the seizure, knowledge of facts and circumstances grounded in reasonably trustworthy information and sufficient in themselves to warrant a belief by a prudent person that an offense has been or is being committed by the person seized.  
Guzman
, 955 S.W.2d at 87.  The determination of the existence of probable cause concerns the factual and practical considerations of everyday life on which reasonable and prudent people act.  
Id
.; 
see also Woodward v. State
, 668 S.W.2d 337, 345 (Tex. Crim. App. 1982) (op. on reh’g), 
cert. denied
, 469 U.S. 1181 (1985).  Probable cause deals with probabilities; it requires more than mere suspicion but far less evidence than that needed to support a conviction or even than that needed to support a finding by a preponderance of the evidence.  
Guzman
, 955 S.W.2d at 87; 
see also Brinegar v. United States
, 338 U.S. 160, 174-75, 69 S. Ct. 1302, 1310 (1949).  

Viewed in a light most favorable to the trial court’s ruling, the record contains ample evidence establishing probable cause for Appellant’s arrest.  Cramer, with twenty-eight years’ experience working as a Texas state trooper and training in the detection of DWI offenses, testified that he stopped Appellant for erratic and illegal driving behavior.  According to Cramer, Appellant stepped out of his vehicle with an exaggerated, wide-eyed appearance, chewing cinnamon gum.  As Appellant walked toward Cramer, the trooper observed that Appellant was “a little unsteady as he walked my way.”  Cramer described Appellant’s eyes as “very glassy” and bloodshot.  Connally, approximately five feet away from Appellant, also stated that Appellant’s eyes were “wide and glassy.”

Cramer and Connally both testified that Appellant’s initial behavior after exiting the car was unusual.  When Cramer explained to Appellant why he was being pulled over, Appellant just looked at the trooper without responding.  Cramer continued to talk to Appellant and asked him if he had been drinking, but Appellant did not respond.  Cramer began a field sobriety test which involved observing the movement of Appellant’s eyes.  Cramer explained the test to Appellant and held a pen within twelve to fifteen inches from Appellant’s face.  Instead of looking at the pen, Appellant continued looking at Cramer and made no verbal response.  Upon further discussion, Appellant finally told Cramer that he would not submit to the field sobriety tests.  Connally also noticed Appellant’s silence and testified that he initially wondered if Appellant was deaf.

 Cramer testified that he could smell the odor of an alcoholic beverage on Appellant’s breath.  When Cramer again asked Appellant if he had been drinking, Appellant initially said no.  However, according to both Cramer and Connally, Appellant later admitted that he had been drinking.  Appellant told Cramer and Connally that he was headed to his home in Eastland from Houston.  Cramer noted that Appellant’s presence just south of Denton was at least an hour out of his way and testified that intoxicated persons sometimes lose track of their surroundings.  Based on his observations of Appellant’s driving as well as Appellant’s appearance and behavior after the stop, Cramer determined that Appellant was “definitely intoxicated” due to alcohol consumption.  We overrule Appellant’s second issue. 

Appellant’s third issue, whether the court erred in refusing a jury instruction as to reasonable suspicion to detain and probable cause to arrest, is stated in a single conclusory sentence without any supporting argument or authority.  Consequently, this issue is inadequately briefed and we will not consider it.  
Tex. R. App. P.
 38.1(h);
 Tong v. State
, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 1053 (2001); 
Mosley v. State
, 983 S.W.2d 249, 256 (Tex. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  Appellant’s fourth and fifth issues are also inadequately briefed.  
Tong
, 25 S.W.3d at 710. Each issue is merely followed by a single sentence of argument, for which Appellant cites no authority. 
 We overrule Appellant’s third through fifth issues as inadequately briefed. 

In Appellant’s sixth issue, he asserts that the evidence is factually insufficient to support his conviction for DWI.  
In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis
, 922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Id
.; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Mentioning only the evidence most favorable to his argument, Appellant argues that Connally did not see him sway or stumble at the scene of the arrest, nor did he hear any slurring of speech or disorientation.  In support of his argument, Appellant cites 
Perkins v. State
, which reversed a DWI conviction on the basis of factual insufficiency.  65 S.W.3d 98 (Tex. App.—Waco 2000, no pet.).  However, on reconsideration, the court of appeals affirmed Perkins conviction.  
Perkins v. State
, 19 S.W.3d 854 (Tex. App.—Waco 2000, pet. ref’d).  

Although Connally did not observe Appellant sway or stumble at the scene of the arrest, he testified that Appellant admitted that he had been drinking and that he observed Appellant behaving oddly during the first few minutes of the stop with wide and glassy eyes.  Coupled with Cramer’s testimony regarding the many signs of intoxication he observed, the evidence was not so weak as to be clearly wrong and manifestly unjust.  Therefore, we conclude that the evidence is factually sufficient to support Appellant’s conviction and overrule Appellant’s sixth issue.

Having overruled all of Appellant’s issues, we affirm the judgment of the trial court.

DIXON W. HOLMAN

JUSTICE

PANEL B: DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  April 15, 2004