# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-04-00345-CR

**Robert L. Sandvig, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW OF COMAL COUNTY
### NO. 203CR0643, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant, Robert L. Sandvig, guilty of the misdemeanor offense of driving while intoxicated. *See* Tex. Pen. Code Ann. §§ 49.01(2)(A) & 49.04(a) (West 2003). Sandvig asserts that the evidence is factually insufficient to support his conviction. We affirm.

### BACKGROUND

On March 14, 2003, Department of Public Safety (DPS) officer James Jones observed Sandvig speeding and driving erratically.[1] Jones initiated a traffic stop and asked Sandvig to step out of his car. When Sandvig exited his vehicle, he lost his balance. When Jones questioned Sandvig, he smelled alcohol on his breath, saw that his eyes were bloodshot, and noticed that his

---

[1] Sandvig's stop and arrest was recorded on a DPS videotape that was reviewed by the jury.

speech was slurred. Jones also observed that the front and back of Sandvig's pants were wet and suspected that Sandvig had urinated on himself. Sandvig had difficulty finding his driver's license and was unable to find his proof of insurance. Sandvig also had difficulty maintaining his balance while the officer questioned him. Jones asked Sandvig to recite the alphabet, but Sandvig could not do so successfully. Sandvig refused to attempt any other field sobriety tests. Jones arrested Sandvig for driving while intoxicated and transported him to the police station. Jones recounted that, while being transported, Sandvig appeared to be sleeping during most of the trip. Once at the station, Sandvig refused to take a breath test and again refused to perform any field sobriety tests.

A jury found Sandvig guilty of driving while intoxicated, and the trial court assessed punishment at 90 days' confinement. The trial court then suspended the imposition of the sentence and placed Sandvig on community supervision. This appeal followed.

## DISCUSSION

In his sole issue on appeal, Sandvig argues that the evidence is factually insufficient to support a conviction for driving while intoxicated. We disagree.

**Standard of review**

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). In a factual sufficiency review, we consider all the evidence equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836

2

S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). We consider all the evidence, rightly or wrongly admitted. *See Camarillo v. State*, 82 S.W.3d 529, 537 (Tex. App.—Austin 2002, no pet.). Although due deference still must be accorded the fact-finder's determinations, particularly those concerning the weight and credibility of the evidence, we may disagree with the result to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). We will deem the evidence factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga,* 144 S.W.3d at 484-85.

**Application**

To prove Sandvig guilty of driving while intoxicated, the State was required to establish beyond a reasonable doubt that he did not have the normal use of his mental or physical faculties while operating a motor vehicle in a public place. Tex. Pen. Code Ann. §§ 49.01(2)(A) & .04(a) (West 2003).

Officer Jones testified that, based on his fifteen years of experience as a state trooper, he believed that Sandvig was extremely intoxicated and had lost the normal use of his mental and physical faculties. He formed this opinion based on observing Sandvig's erratic driving, poor balance, slurred speech, bloodshot eyes, wet pants, and inability to recite the alphabet. Jones also smelled alcohol on Sandvig's breath and found a bottle of whiskey in Sandvig's car.

The only defense witness called by Sandvig during the trial was Kenneth Kilpatrick, who had known Sandvig for approximately two years. He was present at a bar with Sandvig the

3

night he was arrested, and he testified that he saw Sandvig drink "maybe two beers" that night. He viewed the DPS videotape of Sandvig's stop and arrest, and, in his opinion, Sandvig did not appear intoxicated.

In rebuttal, the State called another DPS officer, James Grunder, who was previously acquainted with Sandvig. Grunder testified that he observed the DPS video and, in his opinion, Sandvig "looked like he may have been intoxicated."

We have also reviewed the DPS videotape. On the tape, Sandvig appeared disoriented and had trouble reciting the alphabet. Sandvig's pants appeared wet, from which the jury reasonably could have inferred that he had urinated on himself. Sandvig also laughed at inappropriate times while being questioned by Jones. In the police car on the way to the station, Sandvig appeared to be passed out, which could be inferred as further evidence of intoxication. Sandvig asserts that there are other possible explanations than intoxication for his appearance and behavior on the videotape, such as an illness. However, the jury chose to believe the State's explanation, and there is nothing in the record to indicate that it was irrational for the jury to reject appellant's alternative explanation.

In his brief, Sandvig cites primarily to *Vasquez v. State*, 311 S.W.2d 828 (Tex. Crim. App. 1958).[2] In *Vasquez*, the court found that the evidence was factually insufficient to support a

___

[2] Sandvig also cites to the initial panel opinion in *Perkins v. State*, 940 S.W.2d 365 (Tex. App.—Waco 1997), *vacated and remanded*, 993 S.W.2d 116 (Tex. Crim. App. 1999). The court initially reversed, in a 2 to 1 decision, Perkins's driving while intoxicated conviction because the court concluded that the evidence was factually insufficient to support the trial court's finding of guilt. *Id*. at 367. The Court of Criminal Appeals, however, vacated the court's decision and remanded the case. *Perkins v. State*, 993 S.W.2d 116 (Tex. Crim. App. 1999). Upon reconsideration, the court decided, in another 2 to 1 decision, that the evidence was factually

conviction for driving while intoxicated because the only witness who expressed an opinion that appellant was intoxicated based his opinion upon facts that were as consistent with injury as with intoxication. *Id*. at 830. *Vasquez* is inapplicable to Sandvig's case for two reasons. First, *Vasquez*, decided in the 1950s, applied a factual sufficiency review standard inconsistent with the current standard. *See Zuniga,* 144 S.W.3d at 484-85. Second, the evidence supporting the State's theory of intoxication in *Vasquez* was much weaker than the State's evidence in this case. In *Vasquez*, the only evidence of intoxication was the testimony of an officer who did not observe the defendant until hours after the accident, when the defendant was in the hospital suffering from injuries. *Id*. at 829. In this case, the jury heard testimony from an officer who observed Sandvig throughout the course of the traffic stop and arrest. The jury also heard from a second officer who testified that Sandvig "looked like he may have been intoxicated." The jury also reviewed Sandvig's appearance and behavior on the DPS videotape. The only contrary evidence the jury heard was the testimony of an acquaintance who was with Sandvig the night of his arrest; he testified that he did not believe Sandvig was intoxicated.

The jury is the sole judge of the credibility of the witnesses and of the weight to be given their testimony, and the jury is entitled to accept one version of the facts and reject another. *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). Considering all the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484. We overrule appellant's issue on appeal.

---

sufficient to support the conviction. *Perkins v. State*, 19 S.W.3d 854, 858 (Tex. App.—Waco 2000, pet. ref'd). The majority admitted that it was a close question. *Id*. In contrast, this case is not close.

## CONCLUSION

The evidence is factually sufficient to support appellant's conviction. We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   February 24, 2006

Do Not Publish

6