# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00843-CR

**Christopher Daniel Guerra, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY
### NO. 05-4787-3, HONORABLE DONALD HIGGINBOTHAM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Christopher Daniel Guerra guilty of driving while intoxicated, for which the court assessed a 120 day jail term. *See* Tex. Penal Code Ann. § 49.04 (West 2003). Appellant contends that the evidence is factually insufficient to sustain the jury's verdict. We find the evidence to be sufficient and affirm the conviction.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981)

(legal sufficiency); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency).[1] In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson*, 23 S.W.3d at 9; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson*, 23 S.W.3d at 11.

Two witnesses testified at appellant's trial, both for the State. The first witness, Cedar Park Police Officer Tammy Barnett, testified that she stopped appellant's car after watching him make a turn without yielding to oncoming traffic. Barnett said that when she approached the car, she immediately detected a very strong odor of burned marihuana. She described appellant as having bloodshot eyes, droopy eyelids, and slurred speech. Both appellant and his passenger admitted smoking marihuana earlier that day, but denied smoking it in the car. Barnett found the butt of a marihuana cigarette in the driver's door handle and marihuana residue in a cup holder.

---

[1] Because appellant makes only a factual sufficiency challenge, he implicitly concedes that the evidence, viewed in the light most favorable to the verdict, supports the finding of guilt. *See Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd, untimely filed).

Barnett administered the standard field sobriety tests. Appellant passed the horizontal gaze nystagmus test, but Barnett testified that it does not detect marihuana intoxication. Barnett observed four of a possible eight clues in the walk-and-turn test and two of a possible four clues in the one-leg-stand test; in both cases, the result indicated intoxication. Appellant told the officer that he was unable to properly perform these tests because of a cramp in his foot.

Officer Chance Thomas, who arrived soon after the stop, also noticed the marihuana odor in appellant's car and confirmed Barnett's description of appellant. He watched the field tests and shared Barnett's opinion that appellant was intoxicated.

The entire incident was recorded by the videotape unit in Barnett's patrol car. The videotape was played for the jury and has been reviewed by this Court.

Appellant urges that the evidence does not negate the alternative hypotheses that his bloodshot eyes were the result of fatigue, lack of sleep, or allergies. It is not, however, the State's burden to disprove alternative hypotheses; rather, they are considered in determining whether the verdict is contrary to the great weight of the evidence. *Orona*, 836 S.W.2d at 322 n.2. In any event, although Barnett acknowledged during cross-examination that there are explanations for bloodshot eyes other than intoxication, there is no evidence that appellant was tired, sleepy, or having problems with allergies.

Appellant points to another alternative hypothesis that is supported by evidence: the possibility that his inability to perform the walk-and-turn and one-leg-stand was due to the cramp in his foot that he complained of to the officer. He also urges that the videotape contradicts Barnett's testimony in several respects. He asserts that the recording does not show him making a dangerous

3

turn but does show that he promptly and correctly responded when the officer turned on her emergency lights. He also claims that his speech does not seem slurred on the videotape and suggests that his overall appearance does not reflect intoxication.

The relatively poor quality of the videotape makes it impossible to clearly observe the turn by appellant's car that prompted the initial stop. Moreover, appellant's speech can only briefly be heard on the videotape and cannot be heard at all immediately after the stop. In these respects, the videotape neither confirms nor contradicts Barnett's testimony. The videotape does confirm Barnett's testimony regarding appellant's inability to maintain his balance while performing the field tests. The testimony regarding the strong odor of burned marihuana, the discovery of marihuana residue in the car, and appellant's admission to having smoked marihuana (albeit "earlier today") support the conclusion that this unsteadiness was due to marihuana intoxication. Although appellant's poor performance might also be explained by the muscle cramp he mentioned to the officer, the jury, as trier of fact, was free to discount appellant's claim and give greater weight to the evidence suggesting intoxication. Having reviewed all the evidence before the jury in a neutral light, we conclude that the guilty verdict is neither manifestly unjust nor against the great weight and preponderance of the evidence.

*Vasquez v. State*, 311 S.W.2d 828 (Tex. Crim. App. 1958), cited by appellant, predates the current law governing legal and factual sufficiency review and is, in any event, distinguishable on its facts. The other opinions on which appellant relies, *Perkins v. State*, 940 S.W.2d 365 (Tex. App.—Waco 1997), *vacated and remanded*, 993 S.W.2d 116 (Tex. Crim. App. 1999), and *Perkins v. State*, 65 S.W.3d 98 (Tex. App.—Waco Apr. 19, 2000, no pet.),

were superseded by *Perkins v. State*, 19 S.W.3d 854 (Tex. App.—Waco May 18, 2000, pet. ref'd) (finding evidence factually sufficient to sustain conviction for driving while intoxicated).

The point of error is overruled and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   March 20, 2007

Do Not Publish