Conrad Cornell **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–91–1110–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 6, 1992.

Joseph Salhab, Houston, for appellant.

Andrea F. Lopes, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant was charged by information with the offense of possession of a controlled substance, namely cocaine, in an amount less than 28 grams. The trial court held a hearing on appellant's motion to suppress and denied the motion. Appellant then entered a plea of guilty pursuant to a plea bargain agreement with the State and was assessed 2 years probation. In two points of error, appellant contends the trial court abused its discretion by failing to suppress the evidence seized from an illegal investigatory detention and arrest and in finding that the appellant had abandoned the contraband. We affirm.

On November 6, 1991, around 7:35 p.m., Houston Patrol Officer McFadden observed two black males standing in an abandoned building doorway in the 1700 block of Hadly, Houston, Texas. Officer McFadden was wearing a raid jacket and driving in a marked patrol unit. Since the area was illuminated by a street light, he clearly saw the two men. He noticed that appellant was doing something, but he was prevented from determining the specific activity because appellant had his back toward him. When Officer McFadden stopped his patrol car, appellant turned, walked toward the car with his hands up, and closed his left hand in a fist. Officer McFadden exited his patrol car and asked appellant to stop and return to the wall. Appellant only halted when Officer McFadden began to draw his service revolver. As appellant turned back, Officer McFadden noticed he dropped a small glass object into the grass. Officer McFadden then conducted a patdown search on appellant for weapons. Although he failed to find any weapons, he

discovered a metal wire piece used for smoking crack cocaine in the appellant's right pocket. Officer McFadden placed appellant in the patrol car and retrieved the glass object from the grass. He testified he recognized the "still warm" glass object as a pipe used to smoke crack cocaine.

In his first point of error, appellant alleges the trial court abused its discretion by failing to suppress the evidence seized from him as the fruit of an illegal investigatory detention and arrest. He argues that the police officer provided no reasonable, articulable suspicion to justify a temporary detention.

■■■ The trial judge, as the sole fact finder at a motion to suppress hearing, may choose to believe or disbelieve all or any part of any witness' testimony. *See Rivera v. State*, 808 S.W.2d 80, 96 (Tex. Crim.App.1991), *cert. denied,* — U.S. —, 112 S.Ct. 279, 116 L.Ed.2d 231 (1991). The trial court's findings in a pretrial hearing will not be disturbed absent an abuse of discretion. *Freeman v. State*, 723 S.W.2d 727, 729 (Tex.Crim.App.1986). In reviewing a ruling on a motion to suppress evidence obtained in a search, we must view the evidence in a light most favorable to the trial court's ruling. *Bodin v. State*, 782 S.W.2d 258, 259 (Tex.App.–Houston [14th Dist.] 1989), *rev'd on other grounds,* 807 S.W.2d 313 (Tex.Crim.App.1991).

■■■ Not every encounter between a citizen and a police officer amounts to a seizure requiring constitutional justifications. *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). A police officer may briefly stop a suspicious individual in order to determine his identity or to maintain the status quo temporarily while obtaining more information. *Gearing v. State*, 685 S.W.2d 326, 327 (Tex. Crim.App.1985). Circumstances short of probable cause for an arrest may justify temporary detention for the purpose of investigation since it is considered to be a lesser intrusion upon the personal security of the individual. Whereas more than an inarticulate hunch is necessary, the Fourth Amendment protection against unreasonable searches and seizures does not preclude a police officer, in appropriate circumstances, from stopping and detaining an individual "to investigate suspected criminal behavior even though there is not probable cause to make an arrest." *Hernandez v. State*, 523 S.W.2d 410, 411 (Tex. Crim.App.1975) (citing *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). To determine whether an officer is justified in making such an intrusion upon the freedom of the person stopped and detained, the court must find that the officer, in light of his experience and general knowledge, had specific and articulable facts which taken together with rational inferences from those facts would reasonably warrant the investigative stop. *Hernandez*, 523 S.W.2d at 411. As stated by the court of criminal appeals:

> There must be a reasonable suspicion by the officer that some activity out of the ordinary is occurring or had occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to a crime. Where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful.

*Johnson v. State*, 658 S.W.2d 623, 626 (Tex. Crim.App.1983); *also see Crockett v. State*, 803 S.W.2d 308 (Tex.Crim.App.1991).

■■■ The evidence reveals that Officer McFadden, a 21 year police veteran, was driving in a known high-crime area when he noticed the two men standing in the same building alcove where he had arrested a man the previous night for narcotics possession. The police had also received former complaints about people entering that particular building to smoke crack cocaine and drink. This prior knowledge coupled with his observation that the men were involved in some type of unusual activity aroused his suspicions enough to warrant stopping his marked patrol car for further investigation. Immediately afterward, appellant deliberately approached Officer McFadden with one of his hands clasped in a fist above his head. Officer McFadden testified he neither spoke to appellant nor gave him any verbal commands

that might have triggered this conduct. Officer McFadden exited the car and asked appellant to stop, but he continued to walk directly toward him. As a direct result of appellant's questionable movement toward him, Officer McFadden felt threatened and anxious about his own personal safety. He testified that it "wasn't a normal reaction to immediately walk toward a police officer and put his hand up without any instructions on my part." Up to this point, we believe the interaction between Officer McFadden and appellant was merely a casual encounter and that appellant was free to leave of his own volition.

When appellant refused to cooperate, Officer McFadden began to draw his weapon while he repeated his request that appellant stop, return to the building, and put his hands on the wall. After taking another step forward, appellant turned back toward the building. In view of appellant's questionable movement toward the officer with his fist raised and his continuation after the officer asked him to stop, we conclude he was justified to briefly stop appellant, determine his identity, pat him down for weapons, and obtain more information. Although appellant argues his behavior was equally consistent with innocent activity, we believe his unsolicited, questionable actions in advancing toward Officer McFadden with a raised, clenched fist suggested an activity either out of the ordinary or threatening to the officer. Therefore, we find that Officer McFadden articulated sufficient specific facts to warrant his temporary detention of appellant for the purpose of further investigation. For these reasons, we find the trial court did not abuse its discretion by admitting the evidence seized as the result of a legal investigatory detention. We overrule appellant's first point of error.

In his second point of error, appellant argues that the trial court erred and abused its discretion in ruling that he had abandoned the contraband and no seizure had occurred. He alleges that the abandonment of the crack pipe was a direct result of an illegal detention and, therefore, not a voluntary act. We find this argument is not persuasive. For the aforementioned reasons, we conclude the detention of appellant was a justifiable legal investigatory stop. Consequently, we find that appellant abandoned the crack pipe when he voluntarily dropped it into the grass during his brief detention by Officer McFadden. When the police take possession of abandoned property, there is no seizure under the Fourth Amendment. *Hawkins v. State*, 758 S.W.2d 255, 257 (Tex.Crim.App.1988); *Taylor v. State*, 820 S.W.2d 392, 395 (Tex.App.—Houston [14th Dist.] 1991, no pet.). Thus, we find that the trial court did not err in determining that appellant relinquished the contraband of his own volition. Appellant's second point of error is overruled.

We affirm the order of the trial court.