Charles Ephriam FOX, III, Appellant,

v.

The STATE of Texas, State.

No. 2–93–372–CR.

Court of Appeals of Texas,
Fort Worth.

June 15, 1995.

Lollar, Phillips & Factor, P.C., and Abe Factor, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Chuck Mallin, Asst. Chiefs of the Appellate Section, and John A. Stride, Asst., Fort Worth, for appellee.

Before CAYCE, C.J., LIVINGSTON, J., and PATRICE M. BARRON, J. (Former Justice) (Sitting by Assignment).

## OPINION

CAYCE, Chief Justice.

Charles Ephriam Fox, III appeals his conviction by a jury of driving while intoxicated. The court assessed punishment at thirty days in jail, probated for a period of twelve months, and a $600.00 fine. In his sole point of error, Fox claims the trial court erred in overruling his motion to suppress "in-custody" statements and other evidence seized as a result of his arrest, on the grounds that the arresting officer had no probable cause or reasonable suspicion to stop or detain him. We overrule the point and affirm the judgment of the trial court.

The background facts of this case are as follows: On October 19, 1990, Fort Worth Police Officer Deborah Flores was working the midnight shift. At approximately 11:30 p.m., a blue 1987 Alfa Romeo driven by Fox passed Officer Flores as she was entering the westbound lane of traffic from an entrance east of Fielder Road on Interstate 30. Officer Flores did not recognize the car and "ran the plate" on it. As she waited for the information, Officer Flores followed Fox for approximately four miles and paced him to determine his speed. Officer Flores' speedometer showed Fox's speed fluctuating between 55–40 mph. This pattern occurred at least four times. Fox also began weaving within his lane. According to Officer Flores, there was nothing on the road to cause Fox to slow down, speed up or weave.

Although the license check eventually revealed nothing of significance, Officer Flores activated the overhead lights on her car in an attempt to initiate a traffic stop. Fox, however, failed to pull off onto the shoulder of the highway. Instead, he proceeded to the first available exit at Oakland Boulevard. At that point, Officer Flores turned on her siren to try and get Fox's attention. Fox stopped at a stop sign located at the end of the exit ramp, then darted into the intersection in front of an oncoming car. He then pulled his car into a Burger King parking lot on Bridge Street, running his front passenger tire into the curb.

When Fox stepped out of his car, his reactions were slow and unsteady and he had the odor of an alcoholic beverage. He attempted to perform four field sobriety evaluations, but failed each of them.

Officer Flores inventoried Fox's car, transported him to the intoxilyzer room in downtown Fort Worth and then took him to the Tarrant County jail. Upon his arrival, Fox gave one breath sample, but he could not complete a second test properly. Both Officer Flores and the person who administered the intoxilyzer test believed that Fox was extremely intoxicated.

█ Fox objected to the introduction of his in-custody statements and other evidence obtained after his detention on the ground that there was no reasonable suspicion for Officer Flores to stop him. The standard of

review for determining whether the trial court properly denied Fox's motion to suppress and trial objections is clear abuse of discretion. *See Rivera v. State,* 808 S.W.2d 80, 96 (Tex.Crim.App.), *cert. denied,* 502 U.S. 902, 112 S.Ct. 279, 116 L.Ed.2d 231 (1991). Applying this standard to the facts of this case, we hold that the trial court did not abuse its discretion in admitting the seized evidence.

■ An investigative detention is allowed where the officer has a reasonable suspicion that some activity out of the ordinary is occurring or has occurred which connects the detainee with unusual activity indicating a possible crime. *Stone v. State,* 703 S.W.2d 652, 654 (Tex.Crim.App.1986). The activity need not constitute a crime in itself to justify the detention. However, "there must exist articulable facts used by the officer to create some reasonable inference of criminal conduct." *Viveros v. State,* 828 S.W.2d 2, 4 (Tex.Crim.App.1992); *see Crockett v. State,* 803 S.W.2d 308, 311 (Tex.Crim. App.1991); *Williams v. State,* 835 S.W.2d 781, 784 (Tex.App.—Houston [14th Dist.] 1992, no pet.). In other words, the detaining officer must point to something which would lead a reasonable person to believe that the detainee was engaged in a criminal act. *See Viveros,* 828 S.W.2d at 4.

■ In the instant case, Officer Flores testified that Fox's speed was fluctuating between 55–40 mph on an interstate highway, that he was weaving back and forth within his lane, and that these actions created "suspicion for me to stop it." This testimony alone provided sufficient specific facts to support the trial court's finding that Fox's temporary detention was lawful. Although none of the acts in which Fox engaged prior to the initiation of the stop were inherently illegal, each was sufficient to create a reasonable suspicion that some activity out of the ordinary was or had occurred. *See, e.g., Raffaelli v. State,* 881 S.W.2d 714, 716 (Tex. App.—Texarkana 1994, pet. ref'd) (reasonable suspicion existed when officer observed defendant weaving within his own lane and driving at a "high" rate of speed); *Barraza v. State,* 733 S.W.2d 379, 380 (Tex.App.—Corpus Christi 1987) (reasonable suspicion exist-

ed when officer observed defendant weaving within his own lane and making two improper turns), *aff'd,* 790 S.W.2d 654 (Tex.Crim. App.1990); *Miffleton v. State,* 728 S.W.2d 880, 883 (Tex.App.—Austin 1987) (reasonable suspicion existed based on defendant's rapid acceleration, weaving and excessive speed), *aff'd,* 777 S.W.2d 76 (Tex.Crim.App.1989).

Fox's point of error is overruled. The judgment of the trial court is affirmed.

LIVINGSTON, J., dissents.

LIVINGSTON, Justice, dissenting.

I respectfully dissent. While the majority accurately sets forth the standard of review regarding motions to suppress, I disagree with the analysis which leads to the majority's conclusion that there were "articulable facts ... to create some reasonable inference of criminal conduct" prior to making an investigative stop as required by *Viveros v. State,* 828 S.W.2d 2, 4 (Tex.Crim.App.1992) and *Williams v. State,* 835 S.W.2d 781 (Tex. App.—Houston [14th Dist.] 1992, no pet.). While a police officer is permitted to make a temporary investigative detention on less evidence than is required to show probable cause for an arrest, the officer must have a reasonable suspicion that some activity out of the ordinary is or has occurred indicating a crime. *Stone v. State,* 703 S.W.2d 652, 654 (Tex.Crim.App.1986).

The fourteenth court of appeals requires the court to find "the officer, in light of his experience and general knowledge, had specific and articulable facts which taken together with rational inferences from those facts would reasonably warrant the investigative stop." *Williams,* 835 S.W.2d at 783. As the majority's opinion in this case explains, "[T]he detaining officer must point to something which would lead a reasonable person to believe that the detainee was engaged in a criminal act." The officer in this case failed to do so.

Here, there is no testimony by Officer Flores that she had suspicion of a crime or intoxication. She did, however, testify that there was no minimum speed limit posted and that it was not a crime to weave within one's own lane. On voir dire she states its

"suspicion for me to stop it." The only "testimony" regarding the reasonable inference actually drawn from the appellant's behavior came from the judge who noted that the appellant's car nearly hit another car after he exited to stop and that his weaving was clearly "an indication that possibly the person is intoxicated." The trial court incorrectly said the officer concluded appellant was intoxicated.

Reviewing the testimony at trial, Officer Flores simply never stated any conclusion as to what her suspicion might have been. Further, she never gave any testimony indicating upon what experience and general knowledge she could have based such a conclusion.

For these reasons, I would find that the trial court abused its discretion in overruling the motion to suppress. I would, therefore, be unable to determine beyond a reasonable doubt that the error made no contribution to the conviction or the punishment. TEX. R.APP.P. 81(b)(2). I would reverse and remand the case for a new trial.