ruiz v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-112-CR

BRIDGETTE RUIZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On May 22, 2002, Haltom City Police Officer Timothy Clonce was on routine patrol when he saw Appellant Bridgette Ruiz’s vehicle drifting on a straight road and cross the lane divider.  Clonce stopped Appellant and ultimately arrested her for driving while intoxicated (DWI).  Appellant filed a motion to suppress evidence seized as a result of the stop and arrest, asserting that Clonce did not have the requisite reasonable suspicion to stop and detain Appellant.

At the hearing, Clonce testified that Appellant’s car drifted from one lane to another and then back again, two or possibly three times.  Although Clonce acknowledged that drifting across lanes is not a traffic violation, he also testified that failure to maintain a single lane of traffic without signaling is a violation of the Texas Traffic Code.  
Tex. Transp. Code Ann. §§ 545.060, 545.104
(a), 545.106 (Vernon 1999).  The trial court denied Appellant’s motion to suppress.

Approximately two months later, Appellant pled guilty under a plea bargain agreement.  The trial court accepted Appellant’s guilty plea and sentenced her to ninety days’ confinement probated for twenty-four months and a $400 fine.  In her sole point, Appellant complains that the trial court abused its discretion in failing to grant her motion to suppress.

We review the denial of a motion to suppress for abuse of discretion, giving almost total deference to a trial court's determination of historical facts and reviewing de novo the court's application of the law.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Oles v. State
, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  Thus, the trial court may disbelieve any portion of a witness' testimony, even if the testimony is uncontroverted.  
Ross
, 32 S.W.3d at 855; 
Allridge
 
v. State
, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991), 
cert. denied
, 510 U.S. 831 (1993).

A police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity “may be afoot,” even if the officer lacks probable cause. 

Terry v. Ohio, 
392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85
 
(1968);
 Brother v. State
, 85 S.W.3d 377, 382 (Tex. App.—Fort Worth 2002, no pet.).  While reasonable suspicion is a less demanding standard than probable cause, the Fourth Amendment requires at least a minimal level of objective justification for making the stop.  
United States v. Sokolow
, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585 (1989); 
see
 
U.S. Const. 
amend. IV.  The justification for making the stop must amount to more than a mere hunch or suspicion.  
Davis v. State
, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). 

Reasonable suspicion exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged in, or is or soon will be engaging in, illegal conduct.  
Garcia v. State
, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).  The reasonableness of a given detention will turn on the totality of the circumstances in that particular case. 
 Woods v. State
, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); 
State v. Sailo
, 910 S.W.2d 184, 188 (Tex. App.—Fort Worth 1995, pet. ref'd).   

Appellant argues that the initial stop was not justified because the evidence failed to show that Clonce had a reasonable suspicion to stop Appellant.  Specifically, Appellant relies on Clonce’s testimony that it is not illegal to drift from one lane to another to support her argument that “the evidence in this case fails to raise Appellant’s innocent activity to a level necessary to support an investigatory stop.”  The court’s review, however, is not limited to the violations an officer lists in making the stop.  
See James v. State
, 102 S.W.3d 162, 172 (Tex. App.—Fort Worth 2003, pet. ref’d).  Rather, the test is whether the articulated facts about which the officer testified would, in light of the officer’s experience and personal knowledge, together with inferences from those facts, warrant a reasonable person to believe that a violation had occurred.  
Pipkin v. State
, 114 S.W.3d 649, 653-54 (Tex. App.—Fort Worth 2003, no pet.).

Here, Clonce testified that at least two, and possibly three times, he saw Appellant’s car drift and weave out of one lane of traffic and into a different lane without signaling at 2:49 a.m.  Clonce stated that his reason for stopping Appellant was to investigate his suspicion that Appellant was driving while intoxicated.  An officer may be justified in stopping a driver based upon a reasonable suspicion of driving while intoxicated.  
James
, 102 S.W.3d at 172; 
McQuarters
 
v. State
, 58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref’d) (stop justified based on reasonable suspicion that defendant, who crossed the left lane stripe twice, was intoxicated)
; Gajewski v. State
, 944 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1997, no pet.)
.  Erratic or unsafe driving may furnish a reasonable suspicion that the driver is intoxicated even absent evidence regarding the violation of a specific traffic law. 
 Cook v. State
, 63 S.W.3d 924, 929 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d); 
McQuarters
, 58 S.W.3d at 255; 
Fox v. State
, 900 S.W.2d 345, 347 (Tex. App.—Fort Worth 1995, no pet.) (driver's conduct sufficient to justify stop based upon reasonable suspicion that something out of the ordinary was occurring even though no single act was illegal). 

Applying great deference to the trial court’s determination of historical facts and judgment of Clonce’s credibility, we hold that the evidence warranted the trial court's denial of Appellant’s motion to suppress.  We overrule Appellant’s sole point and affirm the judgment of the trial court.  

DIXON W. HOLMAN

JUSTICE

PANEL B: DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH   

Tex. R. App. P. 
47.2(b)

DELIVERED:  January 8, 2004 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.