COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-459-CR
  
  
GARY 
DON PEAK                                                                  APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
 
------------
 
OPINION
 
------------
        On 
December 1, 2001, Texas Department of Public Safety Trooper David Cramer 
arrested Appellant Gary Don Peak for suspicion of driving while intoxicated 
(“DWI”).  Appellant refused to take sobriety tests at the scene and 
refused to submit a breath or blood specimen at the Denton County Sheriff’s 
Department.
        A 
jury trial was held on October 17, 2002.  Appellant did not file a written 
pretrial motion to suppress all the evidence after he was stopped by Cramer, but 
urged an oral motion during the State’s direct examination of its first 
witness.  Outside the presence of the jury, no additional evidence relating 
to the motion was introduced, and the court denied the motion after hearing 
arguments from the parties.  When the State offered into evidence a 
videotape recorded in the intoxilizer room after the arrest, Appellant objected 
to any evidence gathered after the arrest on the basis that the arrest was 
without probable cause.  The court overruled the objection and allowed the 
videotape into evidence.  At the conclusion of all the evidence presented 
at trial, Appellant reurged his motion to suppress, which again was 
denied.  The jury found Appellant guilty of DWI.  The trial court 
approved an agreement reached by Appellant and the State regarding Appellant’s 
punishment and sentenced him to 120 days’ confinement, probated, and a $1,000 
fine.  Appellant raises six issues on appeal. We affirm.
Discussion
        In 
Appellant’s first issue, he contends that the trial court erred in failing to 
grant his motion to suppress because there was not reasonable suspicion or 
probable cause to justify the initial traffic stop. We review a trial court's 
denial of a motion to suppress for abuse of discretion.  Balentine v. 
State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); Oles v. State, 993 
S.W.2d 103, 106 (Tex. Crim. App. 1999).  There is an abuse of discretion 
when the ruling was so clearly wrong as to be outside that zone within which 
reasonable persons might disagree. Cantu v. State, 842 S.W.2d 667, 682 
(Tex. Crim. App. 1992), cert. denied, 509 U.S. 926 (1993).  We 
afford almost total deference to a trial court's determination of the historical 
facts that the record supports, especially when the trial court's fact findings 
are based upon an evaluation of credibility and demeanor.  State v. Ross, 
32 S.W.3d 853, 856 (Tex. Crim. App. 2000).  We afford the same amount of 
deference to the trial court's rulings on mixed questions of law and fact, if 
the resolution of those questions turns on an evaluation of credibility and 
demeanor.  Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 
1997).  We review de novo the trial court's application of law to those 
facts in the determination of reasonable suspicion and probable cause.  Id.  
When the trial court does not make explicit findings of historical facts, we 
view the evidence in the light most favorable to the trial court's ruling and 
assume that the trial court made implicit findings of fact supporting its 
ruling, if those findings are supported by the record.  Carmouche v. 
State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).
        A 
police officer is generally justified in briefly detaining an individual on less 
than probable cause for the purposes of investigating possible criminal behavior 
where the officer can point to specific and articulable facts, which, taken 
together with rational inferences from those facts, reasonably warrant the 
intrusion.  Terry v. Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 
(1968); Carmouche, 10 S.W.3d at 328.  That is, the officer must show 
reasonable suspicion that the individual is connected to criminal 
activity.  State v. Larue, 28 S.W.3d 549, 553 n.8 (Tex. Crim. App. 
2000).  This standard is an objective one; there need only be an objective 
basis for the stop and the subjective intent of the officer conducting the stop 
is irrelevant.  Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 
2001).
        Cramer 
testified that on December 1, 2001 he observed Appellant’s vehicle weaving 
across the center lane of Interstate 35E at 2:00 a.m. while in the vicinity of 
four other vehicles and the trooper’s patrol car.  After positioning his 
patrol car behind Appellant’s vehicle, Cramer observed Appellant’s vehicle 
cross the yellow lane line on the left shoulder of the road three times.  
Cramer activated his emergency lights and observed Appellant use his turn signal 
and then move into the right lane.  Appellant then exited the interstate 
without using his turn signal.  James Connally, an off-duty inspector with 
the Traffic Law Enforcement Division assigned to Motor Vehicle Inspection, was 
riding in the patrol car with Cramer.  Connally also testified that he 
observed Appellant’s vehicle weaving and crossing the yellow line.
        The 
evidence referenced above reveals that the totality of the circumstances 
justified the stop of Appellant. Cramer testified that he stopped Appellant for 
failing to maintain a single lane in an unsafe manner.  The State is not 
required to prove that Appellant violated a traffic law, only that the trooper 
knew sufficient facts to reasonably suspect that the traffic law was 
violated.  Id.; McQuarters v. State, 58 S.W.3d 250, 255 (Tex. 
App.—Fort Worth 2001, pet. ref’d).
        Section 
545.060 of the Texas Transportation Code requires an operator on a roadway 
divided into two or more clearly marked lanes for traffic to:
 
(1) 
drive, as nearly as practical, entirely within a single lane; and
(2) 
not move from the lane unless that movement can be made safely.

 
Tex. Transp. Code Ann. § 
545.060(a) (Vernon 1999).
        Appellant 
contends that Cramer had no reasonable basis upon which to stop him because 
there was no evidence that his weaving outside the lane was unsafe.  
However, Cramer testified that there were five other cars in the immediate area 
on the interstate where Appellant was driving.  He also described 
Appellant’s driving as erratic and unsafe and stated that he was concerned for 
other motorists in the area.  In Martinez v. State, the Houston 
First Court of Appeals addressed section 545.060 in a case similar to the one at 
hand. 29 S.W.3d 609 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d).  
In that case, the officer observed a vehicle drift one time onto the shoulder of 
a freeway for one or two seconds in moderate to heavy traffic early in the 
morning. Id. at 610-12.  The court determined that the officer could 
have reasonably concluded that the single drift in these circumstances was 
unsafe.  Id. at 612.  In the present case, Appellant was 
observed leaving his lane of traffic three times after Cramer observed him 
weaving.  Here, the circumstances surrounding the stop of Appellant’s car 
were sufficient to show a reasonable suspicion that he had violated section 
545.060(a) of the transportation code.  We therefore conclude that the 
trial court did not abuse its discretion by denying Appellant’s motion to 
suppress.  See also Tex. Dep’t of Pub. Safety v. Bell, 11 S.W.3d 
282, 284 (Tex. App.—San Antonio 1999, no pet.); Fox v. State, 900 
S.W.2d 345, 347 (Tex. App.—Fort Worth 1995, pet. dism’d, improvidently 
granted).
        In 
Appellant’s second issue, he asserts that the trial court erred in failing to 
grant his motion to suppress evidence that was acquired after his arrest because 
there was not probable cause to justify his arrest.  Probable cause exists 
when police have, at the moment of the seizure, knowledge of facts and 
circumstances grounded in reasonably trustworthy information and sufficient in 
themselves to warrant a belief by a prudent person that an offense has been or 
is being committed by the person seized.  Guzman, 955 S.W.2d at 
87.  The determination of the existence of probable cause concerns the 
factual and practical considerations of everyday life on which reasonable and 
prudent people act.  Id.; see also Woodward v. State, 668 
S.W.2d 337, 345 (Tex. Crim. App. 1982) (op. on reh’g), cert. denied, 
469 U.S. 1181 (1985).  Probable cause deals with probabilities; it requires 
more than mere suspicion but far less evidence than that needed to support a 
conviction or even than that needed to support a finding by a preponderance of 
the evidence.  Guzman, 955 S.W.2d at 87; see also Brinegar v. 
United States, 338 U.S. 160, 174-75, 69 S. Ct. 1302, 1310 (1949).
        Viewed 
in a light most favorable to the trial court’s ruling, the record contains 
ample evidence establishing probable cause for Appellant’s arrest.  
Cramer, with twenty-eight years’ experience working as a Texas state trooper 
and training in the detection of DWI offenses, testified that he stopped 
Appellant for erratic and illegal driving behavior.  According to Cramer, 
Appellant stepped out of his vehicle with an exaggerated, wide-eyed appearance, 
chewing cinnamon gum.  As Appellant walked toward Cramer, the trooper 
observed that Appellant was “a little unsteady as he walked my way.”  
Cramer described Appellant’s eyes as “very glassy” and bloodshot.  
Connally, approximately five feet away from Appellant, also stated that 
Appellant’s eyes were “wide and glassy.”
        Cramer 
and Connally both testified that Appellant’s initial behavior after exiting 
the car was unusual.  When Cramer explained to Appellant why he was being 
pulled over, Appellant just looked at the trooper without responding.  
Cramer continued to talk to Appellant and asked him if he had been drinking, but 
Appellant did not respond.  Cramer began a field sobriety test which 
involved observing the movement of Appellant’s eyes.  Cramer explained 
the test to Appellant and held a pen within twelve to fifteen inches from 
Appellant’s face.  Instead of looking at the pen, Appellant continued 
looking at Cramer and made no verbal response.  Upon further discussion, 
Appellant finally told Cramer that he would not submit to the field sobriety 
tests.  Connally also noticed Appellant’s silence and testified that he 
initially wondered if Appellant was deaf.
        Cramer 
testified that he could smell the odor of an alcoholic beverage on Appellant’s 
breath.   When Cramer again asked Appellant if he had been drinking, 
Appellant initially said no.  However, according to both Cramer and 
Connally, Appellant later admitted that he had been drinking.  Appellant 
told Cramer and Connally that he was headed to his home in Eastland from 
Houston.  Cramer noted that Appellant’s presence just south of Denton was 
at least an hour out of his way and testified that intoxicated persons sometimes 
lose track of their surroundings.  Based on his observations of 
Appellant’s driving as well as Appellant’s appearance and behavior after the 
stop, Cramer determined that Appellant was “definitely intoxicated” due to 
alcohol consumption.  We overrule Appellant’s second issue.
        Appellant’s 
third issue, whether the court erred in refusing a jury instruction as to 
reasonable suspicion to detain and probable cause to arrest, is stated in a 
single conclusory sentence without any supporting argument or authority.  
Consequently, this issue is inadequately briefed and we will not consider 
it.  Tex. R. App. P. 38.1(h); Tong 
v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied, 
532 U.S. 1053 (2001); Mosley v. State, 983 S.W.2d 249, 256 (Tex. 1998) 
(op. on reh’g), cert. denied, 526 U.S. 1070 (1999).  Appellant’s 
fourth and fifth issues are also inadequately briefed.  Tong, 25 
S.W.3d at 710.  Each issue is merely followed by a single sentence of 
argument, for which Appellant cites no authority.  We overrule 
Appellant’s third through fifth issues as inadequately briefed.
        In 
Appellant’s sixth issue, he asserts that the evidence is factually 
insufficient to support his conviction for DWI.  In reviewing the factual 
sufficiency of the evidence to support a conviction, we are to view all the 
evidence in a neutral light, favoring neither party.  Johnson v. State, 
23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 
129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it 
is so weak as to be clearly wrong and manifestly unjust or the adverse finding 
is against the great weight and preponderance of the available evidence.  Johnson, 
23 S.W.3d at 11. Therefore, we must determine whether a neutral review of all 
the evidence, both for and against the finding, demonstrates that the proof of 
guilt is so obviously weak as to undermine confidence in the verdict, or the 
proof of guilt, although adequate if taken alone, is greatly outweighed by 
contrary proof. Id. In performing this review, we are to give due 
deference to the fact finder’s determinations.  Id. at 8-9; Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact 
finder’s. Johnson, 23 S.W.3d at 12.  Consequently, we may find the 
evidence factually insufficient only where necessary to prevent manifest 
injustice. Id.; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. 
App. 1997).
        To 
make a determination of factual insufficiency, a complete and detailed 
examination of all the relevant evidence is required.  Johnson, 23 
S.W.3d at 12.  A proper factual sufficiency review must include a 
discussion of the most important and relevant evidence that supports the 
appellant’s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 
603 (Tex. Crim. App. 2003).
        Mentioning 
only the evidence most favorable to his argument, Appellant argues that Connally 
did not see him sway or stumble at the scene of the arrest, nor did he hear any 
slurring of speech or disorientation.  In support of his argument, 
Appellant cites Perkins v. State, which reversed a DWI conviction on the 
basis of factual insufficiency.  65 S.W.3d 98 (Tex. App.—Waco 2000, no 
pet.).  However, on reconsideration, the court of appeals affirmed Perkins 
conviction.  Perkins v. State, 19 S.W.3d 854 (Tex. App.—Waco 2000, 
pet. ref’d).
        Although 
Connally did not observe Appellant sway or stumble at the scene of the arrest, 
he testified that Appellant admitted that he had been drinking and that he 
observed Appellant behaving oddly during the first few minutes of the stop with 
wide and glassy eyes.  Coupled with Cramer’s testimony regarding the many 
signs of intoxication he observed, the evidence was not so weak as to be clearly 
wrong and manifestly unjust.  Therefore, we conclude that the evidence is 
factually sufficient to support Appellant’s conviction and overrule 
Appellant’s sixth issue.
        Having 
overruled all of Appellant’s issues, we affirm the judgment of the trial 
court.
 
  
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
 
 
PANEL 
B:   DAUPHINOT and HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 15, 2004