CONNOLLY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-077-CR

ROBERT GEORGE CONNOLLY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

At approximately 1:35 a.m. on February 28, 2002, a citizen telephoned the Grapevine Police Department and reported that he was following what he thought to be an intoxicated driver.  The caller identified himself to the dispatcher; described the suspect vehicle by make, color, license plate number, and direction of travel; and provided continuous updates on the vehicle’s location.  Grapevine Police Officer Mark Shimmick located the suspected vehicle, and observed that it was traveling fifteen miles below the speed limit and weaving back and forth within the lane.  Officer Shimmick also observed the vehicle braking erratically, repeatedly speeding up a few miles an hour and then slowing back down.  Officer Shimmick initiated a traffic stop and Appellant Robert George Connolly was arrested for driving while intoxicated (DWI).  On November 6, 2003, the trial court held a hearing on Appellant’s motion to suppress evidence obtained during the traffic stop alleging that Officer Shimmick did not have reasonable suspicion to stop Appellant.  The motion was denied.  On the same day, Appellant pled nolo contendere; the trial court found Appellant guilty of DWI and assessed punishment at 120 days’ confinement, probated for twenty-four months, and a $600 fine.  In Appellant’s sole issue, he argues that the trial court erred in denying his motion to suppress.

We review the denial of a motion to suppress for abuse of discretion, giving almost total deference to a trial court's determination of historical facts and reviewing de novo the court's application of the law.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Oles v. State
, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  Thus, the trial court may disbelieve any portion of a witness' testimony, even if the testimony is not controverted.  
Ross
, 32 S.W.3d at 855.

A police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity “may be afoot,” even if the officer lacks probable cause. 

Terry v. Ohio, 
392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85
 
(1968);
 Brother v. State
, 85 S.W.3d 377, 382 (Tex. App.—Fort Worth 2002, no pet.).  While reasonable suspicion is a less demanding standard than probable cause, the Fourth Amendment requires at least a minimal level of objective justification for making the stop.  
United States v. Sokolow
, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585 (1989); 
see
 
U.S. Const. 
amend. IV.  The justification for making the stop must amount to more than a mere hunch or suspicion.  
Davis v. State
, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). 

Reasonable suspicion exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged in, or is or soon will be engaging in, illegal conduct.  
Garcia v. State
, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).  The reasonableness of a given detention will turn on the totality of the circumstances in that particular case. 
 Woods v. State
, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); 
State v. Sailo
, 910 S.W.2d 184, 188 (Tex. App.—Fort Worth 1995, pet. ref'd).   

Appellant argues that the initial stop was not justified because the evidence failed to show that Officer Shimmick had a reasonable suspicion to stop Appellant.  First, Appellant asserts that Officer Shimmick did not state that he had a suspicion of DWI.  The record, however, reflects the following testimony by Officer Shimmick:

Q.  At the point you decided to stop the defendant’s vehicle, for what reason did you want to stop him for?

A.  He was under the investigation to see whether or not he was intoxicated.

Second, Appellant asserts that Officer Shimmick did not testify regarding his experience and general knowledge that he may have relied on in reaching his conclusions.  Again, the record reflects otherwise:

Q.  Based on your experience and training as a DWI and accident investigator and officer, what was unsafe in your mind about the defendant’s driving?

A.  The reduced speed, obviously, you know, with other vehicles coming up behind him and stuff.  You know, the erratic braking, you know, going back and forth.  He’s having difficulty with definitely the weaving.

Finally, Appellant points to the fact that Officer Shimmick did not testify that there was some other improper driving conduct.  The court’s review, however, is not limited to the violations an officer lists in making the stop.  
See James v. State
, 102 S.W.3d 162, 172 (Tex. App.—Fort Worth 2003, pet. ref’d).  Rather, the test is whether the articulated facts about which the officer testified would, in light of the officer’s experience and personal knowledge, together with inferences from those facts, warrant a reasonable person to believe that a violation had occurred.  
Pipkin v. State
, 114 S.W.3d 649, 653-54 (Tex. App.—Fort Worth 2003, no pet.).

Here, Officer Shimmick stated several reasons for concluding that Appellant’s driving was unsafe.  An officer may be justified in stopping a driver based upon a reasonable suspicion of driving while intoxicated.  
James
, 102 S.W.3d at 172; 
McQuarters
 
v. State
, 58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref’d) (stop justified based on reasonable suspicion that defendant, who crossed the left lane stripe twice, was intoxicated)
; Gajewski v. State
, 944 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1997, no pet.)
.  Erratic or unsafe driving may furnish a reasonable suspicion that the driver is intoxicated even absent evidence regarding the violation of a specific traffic law. 
 Cook v. State
, 63 S.W.3d 924, 929 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d); 
McQuarters
, 58 S.W.3d at 255; 
Fox v. State
, 900 S.W.2d 345, 347 (Tex. App.—Fort Worth 1995, pet. dism’d) (driver's conduct sufficient to justify stop based upon reasonable suspicion that something out of the ordinary was occurring even though no single act was illegal). 

In addition to Officer Shimmick’s own observations, he relied on a report from a citizen that suspected Appellant might be intoxicated.  A person who is not connected with the police or who is not a paid informant is considered inherently trustworthy when the person advised the police that he or she suspects criminal activity has occurred or is occurring.  
State v. Stolte
, 991 S.W.2d 336, 340 (Tex. App.—Fort Worth 1999, no pet.); 
Sailo
, 910 S.W.2d at 187.

Applying great deference to the trial court’s determination of historical facts and judgment of Officer Shimmick’s credibility, we hold under the totality of the circumstances, that Officer Shimmick had reasonable suspicion to believe that Appellant was intoxicated.  We overrule Appellant’s sole issue and affirm the judgment of the trial court.  

PER CURIAM

PANEL F: HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 5, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.