

NUMBER 13-11-083-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                           Appellant,

v.

RUBEN V. CASTILLO,                                            Appellee.

## On appeal from the County Court at Law No. 4
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela**
**Memorandum Opinion by Justice Vela**

This is a State's appeal challenging the trial court's order granting a motion to

suppress.  By two issues, the State urges that:  (1) the police officer had reasonable

suspicion to stop a vehicle driven by appellee Ruben V. Castillo; and (2) the police officer properly detained Castillo under the community-care doctrine. We agree with the State's first issue and reverse and remand.

## I. Background

Appellee Ruben V. Castillo was charged by complaint with the offense of operating a motor vehicle in a public place while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2011). Officer King of the Nueces County Sheriff's Department testified at the motion to suppress hearing that Castillo was traveling westbound on FM 3386 at about midnight. She observed Castillo's vehicle traveling approximately thirty miles per hour in an area where the speed limit was sixty-five miles per hour, and Castillo was traveling in the middle of both lanes. Castillo's vehicle was about 150 to 200 feet from the officer when she made the stop. There were no other vehicles on the road at that time. According to Officer King, Castillo "was on the right-hand lane, and went over into the left, back to the right, went over to the shoulder a tad bit and then back over to the left and then he—he was driving in the middle of the two lanes going westbound." Officer King testified that the posted night-time speed limit where the stop occurred was sixty-five miles per hour at night, but Castillo was traveling at about thirty miles per hour when the stop occurred. According to Officer King, at one point, the vehicle went over partially onto the shoulder of the road. At another point, the vehicle went into the left-hand lane.

Officer King testified that she had been with the sheriff's department for about a year, was a certified police officer, and had been working traffic as well as taking calls for only a few months when the stop occurred. Officer King opined that she believed she

2

could lawfully stop someone from driving too slow because "at that point with everything we had put together he's—you know, he could be a danger to himself. We don't know what the situation is." The trial court, after hearing evidence, granted Castillo's motion to suppress.

## II. STANDARD OF REVIEW

In reviewing a trial court's ruling on a motion to suppress, an appellate court must apply a standard of abuse of discretion and overturn the trial court's ruling only if it is outside the zone of reasonable disagreement. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011); *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). The appellate court must apply a bifurcated standard of review, which gives almost total deference to a trial court's determination of historic facts and mixed questions of law and facts that rely upon the credibility of a witness, but we apply a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations. *Martinez*, 348 S.W.3d at 923; *Guzman v. State*, 955 S.W.2d 85, 87–89 (Tex. Crim. App. 1997).

Officer King was the only witness to testify during Castillo's evidentiary hearing. The historical facts elicited from the testimony are not at issue; the issue is whether these uncontroverted facts created a reasonable suspicion such that the officer was justified in initiating the stop. *See Martinez*, 348 S.W.3d at 923. Thus, we review the record de novo. *Id.*

3

### III. APPLICABLE LAW

A law enforcement officer may stop and briefly detain a person for investigative purposes on less information than is constitutionally required for a probable cause arrest. *Terry v. Ohio*, 392 U.S. 1, 22 (1968). In order to stop or briefly detain an individual, an officer must be able to articulate something more than an inchoate and unparticularized suspicion or hunch. *Id.* at 27. The reasonableness must be examined in terms of the totality of the circumstances. *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010); *Woods v. State*, 956 S.W.3d 33, 38 (Tex. Crim. App. 1997). The reasonableness of the detention will be justified when the detaining officer has specific, articulable facts, which, when taken in conjunction with rational inferences from those facts, lead the officer to conclude that the person has been or soon will be engaged in criminal activity. *Curtis v. State*, 238 S.W.3d 376, 380–81 (Tex. Crim. App. 2007).

### IV. ANALYSIS

The trial court had before it uncontroverted evidence that the stop took place at midnight; that Castillo was not only weaving within a single lane, but was in the right-hand lane, and went over into the left, back to the right, went over to the shoulder, then back over to the left; and finally that he was driving in the middle of the two lanes going westbound. The testifying officer had not worked for the sheriff's department for long, but was a certified officer. The officer also noted that Castillo was going thirty miles per hour in a sixty-five mile per hour zone.

The trial court made findings that: (1) Officer King initiated the stop around midnight; (2) the vehicle Castillo was driving at a "speed of about thirty mph and there was

no minimal speed limit except the only speed limit was up to seventy mph during the day time and sixty-five mph at night;" (3) Castillo was in the right-hand lane and he went over into the left, back to the right, went on the improved shoulder, back to the left and was driving in the middle of the two lanes going westbound; (4) Officer King was approaching Castillo about 150 to 200 feet away when the officer saw him; (5) when the stop was initiated, no other vehicles were on the road; (6) Castillo did not come close to causing an accident at the time he was stopped; (7) the officer agreed that it was "fair to say" that if Castillo was about to turn on McKinzie Road he would have thus slowed down; and (8) the court found no reasonable suspicion to make a stop because no hazard existed.

Erratic or unsafe driving may furnish a sufficient basis for a reasonable suspicion that the driver is intoxicated even absent evidence of violation of a specific traffic law. *See Cook v. State*, 63 S.W.3d 924, 929 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (holding that while erratic driving may not have constituted a traffic violation, it may provide reasonable suspicion that he was driving while intoxicated); *McQuarters v. State,* 58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref'd) (stating that the State is not required to prove a defendant violated a traffic law. Even if officer's testimony failed to establish reasonable suspicion that the defendant violated a traffic law, it did raise sufficient facts to justify a stop based on reasonable suspicion that he was intoxicated); *Gajewski v. State*, 944 S.W.2d 450, 453 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (finding that although the defendant's driving may not have constituted a traffic violation, that did not negate a stop based on reasonable suspicion that defendant was intoxicated). Time of day is also a relevant factor in determining reasonable suspicion.

5

*Foster*, 326 S.W.3d at 613.

Here, under the applicable standard of review, there were articulable facts, combined with rational inferences from those facts, based on the officer's experience, that justified a reasonable suspicion that Castillo was driving while intoxicated. *See Ortiz v. State*, 930 S.W.2d 849, 853, 856 (Tex. App.—Tyler 1996, no pet.) (noting that officers' observation of defendant's vehicle that weaved left, hit the grassy median, kicked up some dirt and grass, and then continued to weave within his lane two or three times gave them reasonable suspicion that he was driving while intoxicated); *Fox v. State*, 900 S.W.2d 345, 347 (Tex. App.—Fort Worth 1995, pet. dism'd) (holding that officer's observation of defendant's vehicle's speed fluctuating between forty and fifty-five mph and weaving within his own lane provided sufficient specific facts to create a reasonable suspicion that some activity out of the ordinary was occurring or had occurred).

Therefore, we conclude that the trial court erred in granting Castillo's motion to suppress for lack of reasonable suspicion that he was driving while intoxicated. Considering the uncontested facts, the totality of the circumstances, and the inferences therefrom, we hold that the trial court erred in granting the suppression motion. We sustain the State's first issue.

By issue two, the State argued that Castillo's "peculiar" driving allowed the officer to detain Castillo under the community care-taking doctrine. Because our ruling with respect to the first issue is dispositive of this appeal, we will not address the State's second issue. *See* TEX. R. APP. P. 47.1.

6

## V. Conclusion

We reverse the trial court's judgment and remand for proceedings consistent with this opinion.

ROSE VELA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
16th day of February, 2012.