

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00045-CR

SADIE BREANN BROWN                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
## TRIAL COURT NO. 1336205

----------

## MEMORANDUM OPINION[1]

----------

Appellant Sadie Breann Brown appeals from the trial court's denial of her motion to suppress. We affirm.

### Background Facts

At about 1:00 a.m. on July 12, 2013, Corporal Jason Henninger of the City of Southlake Police Department was sitting at a red light when he saw a white Ford Explorer driven by Appellant approaching the intersection. Corporal

---

[1]*See* Tex. R. App. P. 47.4.

Henninger noticed that the vehicle was travelling faster than the 30-mile-per-hour speed limit. Before reaching the intersection, Appellant rapidly braked in a way that Corporal Henninger described as "not a normal slowdown manner" and an "overcompensation in braking." Corporal Henninger also noticed that the driver's side door was closed but appeared unlatched.

Corporal Henninger followed the vehicle for approximately half a mile. He watched Appellant "drastically change[] speeds a couple of times," and then "dramatically slow[] down." Corporal Henninger then observed the vehicle's speed fluctuating between twenty and twenty-five miles per hour, which was "steadily below what normal people would drive for that speed on that roadway." Corporal Henninger also testified that the vehicle swerved and touched the center line several times.[2] Concluding that, based on all his observations, the vehicle was not being operated in a safe manner and that the speed issues, both above and below the speed limit, weaving on the center line, and hard braking rose to a reasonable suspicion of criminal activity, Corporal Henninger turned on his overhead lights and pulled the car over. A second officer arrived, administered field sobriety tests to Appellant, and ultimately arrested her.

Appellant filed a motion to suppress the evidence from the stop. Corporal Henninger was the only witness at the suppression hearing. He admitted that his

---

[2]The recording made by the patrol car camera during the traffic stop was admitted into evidence as State's Exhibit 2. This court has reviewed that recording and confirmed that Appellant swerved onto the center line a number of times.

suspicion that Appellant was speeding as he initially observed her, standing alone, was insufficient to justify a traffic stop. He also acknowledged that his report contained no mention of the erratic braking or swerving but testified that Appellant did, in fact, swerve and brake suspiciously.

The trial court denied Appellant's motion. Appellant subsequently pleaded guilty. The trial court convicted her and sentenced her to 180 days' confinement probated for 18 months and a $1,250 fine. Appellant now brings this appeal.

## Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

Stated another way, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When, as here, the record is silent on the reasons for the trial court's ruling, or when there are no explicit

3

fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *see Wiede*, 214 S.W.3d at 25. We then review the trial court's legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling. *Kelly*, 204 S.W.3d at 819.

**Discussion**

In one issue, Appellant contends the trial court should have suppressed Corporal Henninger's testimony because he lacked reasonable suspicion that she was breaking the law prior to pulling her over. An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that a person is violating the law. *Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010); *see State v. Duran*, 396 S.W.3d 563, 568 (Tex. Crim. App. 2013) ("An officer must have reasonable suspicion that some crime was, or is about to be, committed before he may make a traffic stop."); *Fernandez v. State*, 306 S.W.3d 354, 356 (Tex. App.—Fort Worth 2010, no pet.) ("[A]n officer may stop and detain a driver . . . on reasonable suspicion of criminal activity."). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts would lead the officer to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Fernandez*, 306 S.W.3d at

4

357. This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.*; *see Duran*, 396 S.W.3d at 570 ("If the facts that the officer knows 'at the inception of the detention' support a finding of reasonable suspicion or probable cause to conduct a traffic stop, then it is irrelevant that the officer subjectively decided to stop the driver for a bad reason.").

Texas courts have held that an officer is justified in pulling over a vehicle if the circumstances, taken as a whole, could reasonably lead to the conclusion that the driver is intoxicated. *Fox v. State*, 900 S.W.2d 345, 347 (Tex. App.—Fort Worth 1995) (holding that acts arousing suspicion need not be themselves "inherently illegal" and that speed fluctuation and weaving "each was sufficient to create a reasonable suspicion that some activity out of the ordinary was or had occurred"), *pet. dism'd*, 930 S.W.2d 607 (Tex. Crim. App. 1996). Driving below the speed limit alone fails to support a reasonable suspicion of intoxication. *See Peters v. Texas Dept. of Pub. Safety*, 404 S.W.3d 1, 5 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (holding no reasonable suspicion arises when slow speed alone is observed and the record is otherwise "silent with respect to the characteristics of the area"); *Richardson v. State*, 39 S.W.3d 634, 640 (Tex. App.—Amarillo 2000, no pet.) (holding that mere observation of slow speed, absent other unusual behavior "would not justify an investigatory stop for driving while intoxicated"). But observations of slow speed in conjunction with other unusual driving patterns may support an officer's suspicion. *Aziewicz v. State*,

No. 10-05-00164-CR, 2006 WL 1697648, at *2–3 (Tex. App.—Waco June 21, 2006, no pet.) (mem. op., not designated for publication) (affirming denial of a motion to suppress where trial court found reasonable suspicion based on weaving, erratic braking, and driving ten miles per hour below the posted limit); *McQuarters v. State*, 58 S.W.3d 250, 253 (Tex. App.—Fort Worth 2001, pet. ref'd) (holding that officer's observations of a vehicle traveling slowly in a passing lane helps support a suspicion of intoxication). In totality-of-the-circumstances inferences, Texas courts may factor an officer's experience recognizing intoxication through certain driving patterns. *Foster v. State*, 326 S.W.3d 609, 614 (Tex. Crim. App. 2010) (finding reasonable suspicion existed "[i]n light of the time of night, the location, [and the officer's] training and experience").

Appellant argues that Corporal Henninger unlawfully based his reasonable suspicion "on no more than an inarticulate hunch." The stop occurred at 1 a.m. Officers may heighten their suspicions when they observe unusual driving behavior late at night. *Foster*, 326 S.W.3d at 614. Appellant's sudden braking reasonably alerted the officer that something might be awry. *See Fox*, 900 S.W.2d at 347. Appellant's slow pace and inconsistent speed could likewise instill reasonable suspicion in an officer that perhaps her motor skills were impaired by alcohol. *See Aziewicz*, 2006 WL 1697648, at *3; *McQuarters*, 58 S.W.3d at 253. For the same reasons, Appellant's swerving further supports the objective reasonableness of Corporal Henninger's suspicion. *See Fox*, 900 S.W.2d at 347. Corporal Henninger also testified that Appellant's driver-side

6

door appeared unlatched and "warranted further looking at." We consider that Corporal Henninger had at least fifteen years of on-the-job experience and training, including a Master's degree in Criminology and Criminal Justice, to identify indications of intoxication. *See Foster*, 326 S.W.3d at 614 (holding that officer's inference that appellant was intoxicated was rational "[i]n light of the time of night, the location, [the officer]'s training and experience, and [the appellant]'s aggressive driving"). Taken as a whole, these factors support an "objective justification" for the stop. Accordingly, we conclude that the trial court did not err by denying Appellant's motion to suppress, and we overrule her only issue.[3]

## Conclusion

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 20, 2014

---

[3]Because the record supports a conclusion of reasonable suspicion, we need not address Appellant's community-caretaking argument. *See* Tex. R. App. P. 47.1.