COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-526-CR
 
 
THE 
STATE OF TEXAS                                                                  STATE
  
V.
 
RYAN 
WAYLOR PALMER                                                          APPELLEE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        The 
State appeals from the trial court’s grant of appellee’s motion to suppress 
in a driving while intoxicated (DWI) case. We affirm.
II. Background Facts
        Grapevine 
Police Officer Mark Shimmick was the only witness at appellant’s suppression 
hearing. He testified that in the early morning hours of January 4, 2003, he was 
driving southbound on Highway 121 when he noticed appellant’s car traveling 
five miles below the speed limit in the rightmost lane and “riding the right 
line of the roadway.” He observed appellant’s car change lanes into an 
entrance ramp lane before being forced back into the rightmost lane when the 
entrance ramp lane ended. Officer Shimmick testified that appellant drove up a 
hill and then turned on his right turn signal even though there was no lane to 
turn into. Appellant turned off his signal and continued on before again turning 
on his right turn signal. Officer Shimmick testified that this time appellant 
only “partially” signaled his intention to turn right.
        Appellant 
exited the highway and, according to Officer Shimmick, applied his brakes in a 
sudden and unsafe manner. Officer Shimmick testified that appellant again 
activated his right turn signal and moved onto the service road. He testified 
that in doing so, appellant crossed over the double white line, violating 
section 544.004 of the transportation code. Tex. Transp. Code Ann. § 544.004 
(Vernon 1999). Just before reaching the intersection, appellant slowed down and 
moved partially into the right-turn-only lane before rolling forward into the 
go-straight lane and coming to a stop. When the traffic light turned green, 
Officer Shimmick stopped appellant. Officer Shimmick testified that because of 
appellant’s erratic driving, the time of night, and the proximity to an area 
of the city with a number of bars, he suspected that appellant might be 
intoxicated. The State also introduced the videotape of the stop made from the 
camera in Officer Shimmick’s car.
III. Points on Appeal
        In 
eight points, the State challenges the trial court’s order granting the 
suppression of the DWI evidence. Although the State presented eight points on 
appeal, each point is based on whether the arresting officer had reasonable 
suspicion or probable cause to stop appellant.
A. Standard of Review
        The 
Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. For an arrest to 
be justified under the Fourth Amendment, it must be accompanied by probable 
cause to believe that a person has engaged in or is engaging in criminal 
activity. Henry v. United States, 361 U.S. 98, 102, 80 S. Ct. 168, 171 
(1959). A detention, however, may be justified on less than probable cause if a 
person is reasonably suspected of criminal activity based on specific, 
articulable facts. Terry v. Ohio, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 
(1968); Carmouche v. State, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).
        We 
review a trial court's ruling on a motion to suppress evidence under a 
bifurcated standard of review. Carmouche, 10 S.W.3d at 327; Guzman v. 
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial 
court's decision, we do not engage in our own factual review. Romero v. State, 
800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 
857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole 
trier of fact and judge of the credibility of the witnesses and the weight to be 
given their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 
2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 
Therefore, we give almost total deference to the trial court's rulings on (1) 
questions of historical fact and (2) application-of-law-to-fact questions that 
turn on an evaluation of credibility and demeanor. Johnson v. State, 68 
S.W.3d 644, 652-53 (Tex. Crim. App. 2002); State v. Ballman, No. 
2-03-345-CR, 2004 WL 2914999, at *1 (Tex. App.—Fort Worth Dec. 16, 2004, pet. 
filed); Harrison v. State, 144 S.W.3d 82, 85 (Tex. App.—Fort Worth 
2004, pet. granted); Best, 118 S.W.3d at 861-62. However, when the trial 
court’s rulings do not turn on the credibility and demeanor of the witnesses, 
we review de novo a trial court's rulings on mixed questions of law and fact. Johnson, 
68 S.W.3d at 652-53.
B. Trial Court Findings
        The 
trial court did not file written findings of fact and conclusions of law. 
However, at the end of the hearing, the trial court stated that none of 
appellee’s actions constituted traffic violations. In particular, the trial 
court disagreed with the State’s and Officer Shimmick’s characterization of 
appellee’s braking while on the exit ramp as sudden and unsafe, noting that 
appellee was only “slowing down on the exit ramp to turn around and look and 
see if there [was] traffic coming.” Moreover, the trial court stated that 
appellee’s overly cautious conduct could be attributed to his being followed 
by a police officer or being unfamiliar with the neighborhood.
C. DWI
        The 
State argues that a totality of the circumstances supported a reasonable 
suspicion that appellee was driving while intoxicated. In particular, the State 
notes that appellee (1) was driving five miles below the speed limit and riding 
the right line, (2) drove in an entrance ramp lane, (3) signaled his intention 
to turn right when there was nowhere to turn, (4) applied his brakes in a sudden 
and unsafe manner when exiting the highway, (5) crossed over the double white 
lines, (6) drove partially into the right-turn-only lane before rolling into the 
go-straight lane, and (7) hesitated before proceeding through a green light. The 
State also points to the time of night when appellee was stopped and his 
proximity to a number of local bars.
        Certain 
actions that alone are not traffic law violations may combine to support an 
inference that a suspect is driving while intoxicated. See e.g., State 
v. Tarvin, 972 S.W.2d 910, 912 (Tex. App.—Waco 1998, pet. ref’d) 
(holding that mere weaving within one’s own lane of traffic was not enough to 
support reasonable suspicion); Richardson v. State, 39 S.W.3d 634, 640 
(Tex. App.—Amarillo 2000, no pet.) (holding that slow driving alone was not 
enough for reasonable suspicion when suspect did not have difficulty staying 
within single lane or exhibit other deficiencies in operating vehicle); see 
also Fox v. State, 900 S.W.2d 345, 347 (Tex. App.—Fort Worth 1995), pet. 
dism’d improvidently granted, 930 S.W.2d 607 (Tex. Crim. App. 1996) 
(holding that erratic speed changes and weaving within lane were enough for 
reasonable suspicion).
        The 
State cites McQuarters v. State and Fox v. State to support its 
argument that a totality of the circumstances caused Officer Shimmick to have a 
reasonable suspicion that appellee was driving while intoxicated. McQuarters 
v. State, 58 S.W.3d 250, 253-56 (Tex. App.—Fort Worth 2001, pet. ref’d); 
Fox, 900 S.W.2d at 346-47. In McQuarters, we held that the 
evidence gave rise to a reasonable suspicion that McQuarters was intoxicated 
when the officer observed him traveling at a slow speed in the passing lane and 
twice saw him cross the left lane stripe. McQuarters, 58 S.W.3d at 
253-56. In Fox, we held that reasonable suspicion existed when the 
officer saw Fox’s speed fluctuate between 40 and 55 miles/hour and saw him 
weaving within his own lane. Fox, 900 S.W.2d at 346-47.
        The 
trial court concluded that the facts in the present case were equally consistent 
with someone who was not familiar with the neighborhood or was overly cautious 
because of being followed by a police officer. According to the Texas Court of 
Criminal Appeals, however, the relevant inquiry is not whether conduct is as 
consistent with innocent activity as it is with criminal activity, but whether, 
examining the totality of the circumstances, the officer has specific 
articulable facts, together with rational inferences, that support the 
conclusion that the person detained is, or has been, engaged in criminal 
activity. Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). But 
unlike the drivers in McQuarters and Fox, appellee was not 
traveling in the passing lane, did not erratically change speeds, was not 
weaving within his own lane, and did not have trouble maintaining a single lane 
of traffic. Further, evidence from the videotape does not support the State’s 
and Officer Shimmick’s assertion that appellee applied his brakes in a sudden 
and unsafe manner.[2]
        Thus, 
after giving almost total deference to the trial court’s rulings on 
application-of-law-to-fact questions that turn on credibility and demeanor and 
reviewing de novo those rulings that do not, we conclude that appellee’s 
actions before he was stopped by Officer Shimmick along with the totality of the 
circumstances surrounding the stop do not support a reasonable suspicion that he 
was driving while intoxicated. Therefore, we overrule the State’s first point.
D. Traffic Code Violations
        Next, 
the State argues that the trial court erred by granting appellee’s motion to 
suppress because Officer Shimmick had reasonable suspicion and probable cause to 
stop appellee for failure to comply with a traffic control device. See Tex. Code Crim. Proc. Ann. art. 14.01 
(Vernon 1977); Tex. Transp. Code Ann. 
§ 544.004. According to section 544.004(a),
  
The operator of a vehicle or streetcar shall comply with an applicable official 
traffic-control device placed as provided by this subtitle unless the person is:
 
(1) otherwise directed by a traffic or police officer; or

  (2) operating an authorized emergency vehicle and is subject to 
exceptions under this subtitle.
 
 
Tex. Transp. Code Ann. § 544.004(a). 
Section 541.304(1) defines an official traffic-control device as a “sign, 
signal, marking, or other device that is: (A) consistent with this subtitle; (B) 
placed or erected by a public body or officer having jurisdiction; and (C) used 
to regulate, warn, or guide traffic.” Id. § 541.304(1) (Vernon 1999).
        The 
State contends that the double white lines on the right side of the exit ramp 
are a traffic control device and that appellant violated section 544.004 when 
his car crossed over the lines.[3]  Specifically, 
Officer Shimmick testified that appellee’s right rear tire crossed over the 
lines. The videotape shows that appellee’s tire touched the lines just before 
the double white lines end and turn into a single dashed line. Although the 
trial court did not make written findings of fact or conclusions of law, it 
stated on the record that appellee’s conduct did not constitute a traffic 
violation. After viewing the videotape a second time to get a closer look at the 
alleged traffic violation, the trial court stated, “I just don’t see any 
violations to this, so I am going to grant the motion [to suppress].”
        The 
State correctly contends that it was not required to prove that the statute was 
actually violated. Rather, the State needed only to elicit testimony that 
Officer Shimmick knew sufficient facts to reasonably suspect that appellee had 
violated a traffic law. See McQuarters, 58 S.W.3d at 255. However, 
assuming that double white lines are a traffic control device within the meaning 
of section 544.004, the State cites no authority that defines their purpose or 
what constitutes a failure to comply with them. Therefore, we hold that Officer 
Shimmick did not have reasonable suspicion or probable cause to believe that 
appellee had violated section 544.004 solely because his right rear tire touched 
a portion of the double white lines.
        The 
State also argues that when appellee applied his brakes as he was exiting the 
highway, he violated section 545.105, which prohibits an operator from stopping 
or suddenly decreasing the speed of his vehicle “without first giving a stop 
signal as provided by this subchapter to the operator of a vehicle immediately 
to the rear when there is an opportunity to give the signal.” Tex. Transp. Code Ann. § 545.105. The 
State does not argue that appellee failed to give a stop signal before slowing 
down on the exit ramp. In fact, Officer Shimmick testified that appellee did 
signal using his brake lights. Therefore, we hold that Officer Shimmick did not 
have probable cause or reasonable suspicion to stop appellee based on a 
violation of section 545.105. We overrule the State’s second and third points.
        In 
the State’s fourth through eighth points, it asserts trial court error based 
upon section 14.01 of the Texas Code of Criminal Procedure, Terry v. Ohio, 
the Fourth Amendment to the United States Constitution, and article I, section 9 
of the Texas Constitution. U.S. Const. 
amend. IV; Tex. Const. art. I, § 
9; Tex. Code Crim. Proc. Ann. art. 
14.01; Terry v. Ohio, 392 U.S. at 1, 88 S. Ct. at 1868. However, these 
points were not separately presented or ruled upon in the trial court, so they 
are waived to the extent they are not otherwise encompassed in the State’s 
other points. See State v. Mercado, 972 S.W.2d 75, 78 (Tex. Crim. App. 
1998). Also, to the extent that these arguments are addressed in the State’s 
discussions of its other points, we do not address them separately here because 
they are more specifically addressed in our discussion of the State’s other 
points and because there is little additional analysis or argument under these 
points that was not already discussed elsewhere. See Tex. R. App. P. 38.1; Wood v. State, 
18 S.W.3d 642, 649 n.6 (Tex. Crim. App. 2000); Harris v. State, 133 
S.W.3d 760, 764 n.3 (Tex. App.—Texarkana 2004, pet. ref’d); Martinez v. 
State, 969 S.W.2d 497, 499 (Tex. App.—Austin 1998, no pet.). We overrule 
points four through eight.
IV. Conclusion
        Having 
overruled the State’s points, we affirm the trial court’s judgment.
  
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
    
 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 10, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The trial court was not required to believe Officer Shimmick’s testimony, and 
we do not know to what extent the trial court’s ruling turned on credibility.
3.  
The State also cites section 545.055, which applies to passing to the left in 
passing zones.  See Tex. 
Transp. Code Ann. § 545.055 (Vernon 1999).  However, because the 
State does not explain how this section applies to appellee’s conduct, we will 
assume that the citation was a typographical error.